ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@dlapiper.com
ELIZABETH C. CALLAHAN (Bar No. 323510)
elizabeth.callahan@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

ALEXANDER E. WOLF (Bar No. 299775)
alexander.wolf@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendants
JUST BRANDS USA, INC., JUST BRANDS, INC.,
and SSGI FINANCIAL SERVICES, INC.
*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>JUST BRANDS USA, INC., JUST BRANDS, INC., and SSGI FINANCIAL SERVICES, INC.,<br><br>                    Defendants. | CASE NO. 2:20-CV-04829-ODW-PLA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:        January 25, 2021<br>Time:        1:30 p.m.<br>Courtroom: 5D<br>Judge:      Hon. Otis D. Wright II |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on January 25, 2021 at 1:30 p.m. in Courtroom 5D of this Court, located at 350 West 1st Street, Los Angeles, CA. 90012, defendants Just Brands USA, Inc. ("Just Brands USA"), Just Brands, Inc. ("Just Brands"), and SSGI Financial Services, Inc. ("SSGI") (collectively, "Defendants") will and hereby do move this Court for an order dismissing the First Amended Complaint ("FAC") of plaintiff Miguel Rodriguez ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) on the following grounds:

First, Plaintiff lacks Article III and statutory standing to assert claims based on products that he did not purchase, or to seek injunctive relief.  Second, Plaintiff impermissibly lumps together his allegations against all Defendants throughout the Complaint, a shotgun-style pleading that violates Rule 8 and Rule 9(b).  Third, under *Bristol-Myers Squibb v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017) and its progeny, Plaintiff cannot represent a putative nationwide class because Defendants are not subject to personal jurisdiction in California for non-California putative class members' claims.  Fourth, Plaintiff's express warranty, unjust enrichment, and fraud claims are defective because the FAC fails to specify the governing state's law.  Fifth, Plaintiff's unjust enrichment, Unfair Competition Law, and False Advertising Law claims for equitable restitution fail because Plaintiff has not (and cannot) allege inadequate remedies at law pursuant to *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 2020 WL 4882896, at *7 (9th Cir. August 20, 2020).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, Defendants' Request for Judicial Notice in support of the Motion filed concurrently herewith, the record in this action, and any evidence and argument that may be presented at or before the hearing.

1   Concurrently with this Motion, Defendants move to stay this action under the

2   "primary jurisdiction doctrine" because the FDA and the States of California and

3   Florida are currently considering regulations and guidance applicable to cannabidiol

4   (known as CBD), an ingredient in the products at issue here, which may affect the

5   claims in this action.

6   This Motion is submitted following the conference of counsel pursuant to

7   Local Rule 7-3, which took place by telephone on November 12, 2020, involving

8   Plaintiff's attorney Alex Straus and Defendants' attorneys Isabelle Ord and

9   Alexander Wolf.  The parties were unable to reach an informal resolution and

10  Plaintiff's counsel stated Plaintiff would oppose the Motion.

11  Dated: November 23, 2020          **DLA PIPER LLP (US)**

12                                    By: /s/  *Isabelle L. Ord*

13                                        ISABELLE L. ORD
                                          ALEXANDER E. WOLF
14                                        ELIZABETH C. CALLAHAN
                                          Attorneys for Defendants
15                                        JUST BRANDS USA, INC., JUST
16                                        BRANDS, INC., and SSGI FINANCIAL
17                                        SERVICES, INC.

18                                        STEFANIE J. FOGEL (Admitted *Pro Hac*
19                                        *Vice*)
                                          stefanie.fogel@dlapiper.com
20                                        **DLA PIPER LLP (US)**
21                                        33 Arch Street, 26th Floor
                                          Boston, MA 02110
22                                        Tel: 617.406.6000

23
24                                        COLLEEN C. GULLIVER (Admitted *Pro*
                                          *Hac Vice*)
25                                        colleen.gulliver@dlapiper.com
26                                        **DLA PIPER LLP (US)**
                                          1251 Avenue of the Americas
27                                        New York, NY 10020
28                                        Tel: 212.335.4500

ii

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................1

II.    SUMMARY OF ALLEGATIONS ..................................................2

III.   LEGAL STANDARD ....................................................................4

IV.   ARGUMENT ................................................................................5

    A.    Plaintiff Lacks Standing to Assert Certain Claims .............................5

         1.    Plaintiff Lacks Standing to Assert Claims for Products He Did Not Buy ................................................................5

         2.    Plaintiff Lacks Standing to Pursue Injunctive Relief ...............8

    B.    Plaintiff's FAC Fails to Direct Specific Allegations at Individual Defendants.........................................................................10

    C.    The Court Lacks Personal Jurisdiction Over the Claims of All Non-California Putative Class Members ...........................................11

    D.    Plaintiff's Express Warranty, Unjust Enrichment, and Fraud Claims Are Defective........................................................................13

    E.    Plaintiff's Unjust Enrichment, UCL, and FAL Claims for Equitable Restitution Fail Because Plaintiff Has Not Alleged Inadequate Remedies at Law ...........................................................14

V.    LEAVE TO AMEND SHOULD BE DENIED .........................................17

VI.   CONCLUSION ............................................................................18

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*,
  390 F. Supp. 2d 1170 (M.D. Fla. 2005) ................................................. 14

*Amba Mktg. Sys. v. Jobar Int'l*,
  551 F.2d 784 (9th Cir. 1977) ..................................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................. 4, 10

*Becerra v. Gen. Motors LLC*,
  241 F. Supp. 3d 1094 (S.D. Cal. 2017) ................................................. 14

*Bird v. First Alert, Inc.*,
  2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ................................. 1, 7, 16

*Bristol-Myers Squibb v. Super. Ct. of Cal., San Francisco Cty.*,
  137 S. Ct. 1773 (2017) .................................................................. 1, 11, 12

*Carpenter v. PetSmart, Inc.*,
  No. 19-CV-1731-CAB-LL, 2020 WL 996947 (S.D. Cal. Mar. 2,
  2020) ....................................................................................................... 12

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  2011 WL 159380 (N.D. Cal. Jan. 10, 2011) ............................................ 5

*Conder v. Home Sav. of Am.*,
  No. CV 077051AGCT, 2010 WL 2486765 (C.D. Cal. June 14,
  2010) ......................................................................................................... 4

*Courthouse News Serv. v. Planet*,
  750 F.3d 776 (9th Cir. 2014) ..................................................................... 5

*Crosby v. Wells Fargo Bank, N.A.*,
  42 F. Supp. 3d 1343 (C.D. Cal. 2014) ................................................... 17

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................ 12

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ..................................................................... 9

*Destfino v. Kennedy*,
  No. CVF081269LJODLB, 2009 WL 63566 (E.D. Cal. Jan. 8, 2009) ............... 10

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.*,
  2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) .................................................... 16

*Dysthe v. Basic Research LLC*,
  No. 09-cv-8013-AG, 2011 WL 5868307 (C.D. Cal. Jun. 13, 2011) ................. 5, 8

*Franklin v. Gwinnett Cnty. Pub. Sch.*,
  503 U.S. 60 (1992) ............................................................................................ 14

*Gibson v. Jaguar Land Rover N. Am., LLC*,
  CV2000769CJCGJSX, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ............... 15

*Huu Nguyen v. Nissan N. Am., Inc.*,
  2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) .................................................... 13

*In re 5-hour Energy Mktg. & Sales Practices Litig.*,
  No. 13-MDL-2438-PSG, 2017 WL 385042 (C.D. Cal. Jan. 24,
  2017) ........................................................................................................... 6, 7, 8

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) ............................................................... 13

*In re Dental Supplies Antitrust Litig.*,
  2017 WL 4217115 (E.D.N.Y. 2017) ................................................................... 13

*In re MacBook Keyboard Litig.*,
  No. 5:18-CV-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13,
  2020) .................................................................................................................. 15

*Jackson v. Gen. Mills, Inc.*,
  2019 WL 4599845 (S.D. Cal. Sept. 23, 2019) ................................................. 8, 10

*Julian v. TTE Technology Inc.*,
  No. 20-CV-02857-EMC, 2020 WL 6743912 (N.D. Cal. Nov. 17,
  2020) .................................................................................................................. 15

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .............................................................................. 5

*Lanovaz v. Twinings N. Am., Inc.*,
  726 F. App'x 590 (9th Cir. 2018) ......................................................................... 9

v

*Magluta v. Samples*,
   256 F.3d 1282 (11th Cir. 2001) .................................................................. 10

*Miller v. Ghirardelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012).......................................................... 6

*Mollicone v. Universal Handicraft, Inc.*,
   2017 WL 440257 (C.D. Cal. Jan. 30, 2017).............................................. 14

*Munning v. Gap, Inc.*,
   238 F. Supp. 3d 1195 (N.D. Cal. 2017)......................................... 16, 17, 18

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ..................................................................................... 9

*Philips v. Ford Motor Co.*,
   726 F. App'x 608 (9th Cir. 2018) ............................................................... 15

*Prudential Home Mortgage Company, Inc. v. Sup. Ct.*,
   66 Cal. App. 4th 1236 (1998) .................................................................... 14

*Rhynes v. Stryker Corp.*,
   2011 WL 2149095 (N.D. Cal. May 31, 2011) ........................................... 16

*Rio Props., Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ..................................................................... 4

*Robinson v. United States*,
   586 F.3d 683 (9th Cir. 2009) ....................................................................... 4

*Romero v. Flowers Bakeries, LLC*,
   No. 14-CV-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016)................. 13

*Shin v. Time Squared Global, LLC*,
   No. SACV 15-00943 AG, 2015 WL 13284952 (C.D. Cal. Aug. 26,
   2015) ..................................................................................................... 10, 11

*Snyder v. Green Roads of Fla. LLC*,
   2020 WL 42239 (S.D. Fla. Jan. 3, 2020).................................................... 5

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834, 2020 WL 4882896 (9th Cir. August 20, 2020)............... 2, 3, 15, 16

vi

*Tabler v. Panera LLC*,
   No. 19-CV-01646-LHK, 2019 WL 5579529 (N.D. Cal. Oct. 29,
   2019) ........................................................................................................ 8, 9

*Wallace v. SharkNinja Operating, LLC*,
   No. 18-CV-05221-BLF, 2020 WL 1139649 (N.D. Cal. Mar. 9,
   2020) ............................................................................................................... 9

*Wenokur v. AXA Equitable Life Ins. Co.*,
   2017 WL 4357916 (D. Ariz. Oct. 2, 2017) ........................................... 12

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ............................................................. 4, 5

*Wilson v. Frito-Lay N. Am., Inc.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) .................................................. 6

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ................................................... 5

*Zaback v. Kellogg Sales Co.*,
   No. 320CV00268BENMSB, 2020 WL 6381987 (S.D. Cal. Oct. 29,
   2020) .......................................................................................................... 16

*Zapata Fonseca v. Goya Foods Inc.*,
   2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ......................................... 17

STATUTES

Cal. Bus. & Prof. Code § 17200, *et seq.* ............................................... passim

Cal. Bus. & Prof. Code § 17500, *et seq.* ............................................... passim

Cal. Civ. Code § 1750 .............................................................................. passim

Fed. R. Civ. P. 8 ...................................................................................... 1, 10

Fed. R. Civ. P. 9(b) .............................................................................. 1, 5, 10

Fed. R. Civ. P. 12(b) ..................................................................................... 17

Fed. R. Civ. P. 12(b)(1) ............................................................................... 4, 5

Fed. R. Civ. P. 12(b)(2) .............................................................................. 4, 11

vii

Fed. R. Civ. P. 12(b)(6) ................................................................................. 2, 4

Fla. Stat. § 501.201, *et seq.* .................................................................. 4, 14, 18

viii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action rests on a single theory of liability: that defendants Just Brands USA, Inc. ("Just Brands USA"), Just Brands, Inc. ("Just Brands"), and SSGI Financial Services, Inc. ("SSGI") (collectively, "Defendants") allegedly engaged in unlawful food labeling practices by selling underfilled cannabidiol ("CBD") products.  In support of these allegations, the First Amended Complaint ("FAC"), like the original Complaint, relies on alleged laboratory test results for fifteen CBD products purporting to show that the quantity of CBD in the products is less than as stated on the product labels.  Like the original Complaint, the FAC does not attach the mystery lab test, let alone describe the testing or methodology, or allege that the testing was performed on the actual products Plaintiff purchased.  Moreover, Plaintiff admittedly only purchased one of the allegedly tested products.  Based on these intentionally vague allegations, Plaintiff purports to represent a sweeping nationwide class of consumers consisting of anyone who purchased any JustCBD-branded products ("Products"), including numerous untested products, regardless of type, flavor, or concentration.

Although Plaintiff voluntarily amended his Complaint, in the FAC Plaintiff simply dismissed two improperly named defendants but failed to remedy any of the other deficiencies identified in Defendants' motion to dismiss.  Therefore, the FAC, like the original Complaint, is flawed and must be dismissed for five independent reasons.

First, Plaintiff lacks Article III and statutory standing to assert claims for the Products he did not purchase, or to seek injunctive relief.  Second, Plaintiff impermissibly lumps together his allegations against all Defendants throughout the Complaint, a shotgun-style pleading that violates Rule 8 and Rule 9(b).  Third, under *Bristol-Myers Squibb v. Super. Ct. of Cal., San Francisco Cty*., 137 S. Ct. 1773 (2017) and its progeny, Plaintiff cannot represent a putative nationwide class

because Defendants are not subject to personal jurisdiction in California for non-California putative class members' claims.  <u>Fourth</u>, Plaintiff's express warranty, unjust enrichment, and fraud claims are defective because the FAC does not specify the governing law, as it must.  <u>Fifth</u>, Plaintiff's unjust enrichment, Unfair Competition Law, and False Advertising Law claims for equitable restitution all fail because Plaintiff has not (and cannot) allege inadequate remedies at law pursuant to *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 2020 WL 4882896, at *7 (9th Cir. August 20, 2020).

For these reasons, Defendants respectfully request that their motion to dismiss the FAC be granted in full.

## II.    SUMMARY OF ALLEGATIONS[1]

CBD is a "highly sought-after additive" with medicinal properties that is sold in a variety of forms, including compounds, tinctures, and edibles.  (FAC ¶ 1.) Among other things, CBD is used to "treat anxiety, insomnia, depression, diabetes, PTSD, and chronic pain," and can be ingested in multiple ways, including by "inhalation of smoke or vapor, as an aerosol spray into the cheek, and by mouth." (*Id.*)  Food and beverage items can also be "infused with CBD."  (*Id.*)

Plaintiff Miguel Rodriguez resides in Van Nuys, California.  (*Id.* ¶ 5.)  On October 2, 2018, he purchased "JustCBD Signature CBD Cartridges" in the Pineapple Express and Northern Lights flavors, and on March 17, 2019, he purchased "JustCBD CBD Gummies 1000mg" and "JustPets Dog Treats."  (*Id.*) Plaintiff alleges that he purchased the Products from justcbdstore.com, and "reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and warranties by Defendants that the Products contained the quantities of CBD advertised."  (*Id.* ¶ 6.)  In total,

---

[1] Defendants deny the factual allegations in the FAC but recognize that the Court must assume them to be true in assessing a Rule 12(b)(6) motion.

Plaintiff purchased only *four* Products (only one of which was purportedly tested), with his last purchase occurring approximately twenty months ago in March 2019. (*Id.* ¶ 5.)

At their core, Plaintiff's claims rest on "independent lab testing" allegedly showing that the quantity of CBD in certain Products is "only a small fraction of Defendants' representations." (*Id.* ¶ 20.)  This purported testing was allegedly "commissioned" by Plaintiff's counsel on June 4, 2019 and conducted by an unidentified lab, in an unidentified location, using unidentified methodologies. (*Id.*) Fifteen Products were apparently tested once, and Plaintiff alleges that the test results showed various levels of underfill of CBD.  (*Id.*)

Despite the lack of any allegations as to the testing methodology or conditions and after conceding the limited scope of Plaintiff's laboratory testing, Plaintiff speculates that over *fifty* CBD Products "overstate the quantity of CBD." (*Id.* ¶¶ 1-2, 17.)  These allegedly underfilled products—most of which were not tested at all—include all concentrations of gummies (sour bears, apple rings, happy faces, worms, sour worms, rainbow ribbons, gummy cherries, blueberry rings, and watermelon rings); edibles/dried fruit (apricots, apple slices, pineapple chunks, papaya chunks, kiwi chunks and mango); honey, oil, and isolate products (coconut oil and honey sticks); tinctures; and vape cartridges.  (*Id.* ¶¶ 17A-17E.)

In addition to overreaching on the testing and underfill allegations, the FAC also baselessly groups all of the Defendants together in conclusory fashion, asserting wrongly and without factual support that each of the three Defendants "manufactured, marketed, and/or sold the CBD Products" and "acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants."  (*Id.* ¶ 6-10.)

Based on the above, Plaintiff asserts claims for himself and on behalf of a nationwide class and a California subclass for (i) breach of express warranty; (ii) unjust enrichment; (iii) fraud; (iv) violations of the California Consumers Legal

3

Remedies Act, Cal. Civ. Code § 1750 ("CLRA"); (v) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); (vi) violations of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"); and (vii) violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA").

## III.   LEGAL STANDARD

Questions of subject matter jurisdiction, including Article III standing, are addressed under Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (standing pertains to a federal court's subject matter jurisdiction).  Once a court's jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it.  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

Rule 12(b)(2) allows a defendant to challenge a complaint for lack of personal jurisdiction.  The determination of whether to exercise personal jurisdiction is a question of law.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  Plaintiff bears the burden of establishing that the Court has personal jurisdiction over each defendant for each claim, and is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  *Amba Mktg. Sys. v. Jobar Int'l*, 551 F.2d 784, 787 (9th Cir. 1977).

A motion under Rule 12(b)(6) tests the legal sufficiency of Plaintiff's claims.  The FAC must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff cannot rely on "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Conder v. Home Sav. of Am.*, No. CV 077051AGCT, 2010 WL 2486765, at *2 (C.D. Cal. June 14, 2010).

Each of Plaintiff's claims is grounded in alleged fraud, namely that Defendants knowingly and intentionally misrepresented the CBD content of the

1  Products.  (*E.g.* FAC ¶¶ 6, 20, 26.)  Plaintiff must therefore satisfy the heightened

2  pleading standard of Federal Rule of Civil Procedure 9(b) and allege the "who,

3  what, when, where, and how" of the alleged fraud with particularity.  *See Kearns v.*

4  *Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Yumul v. Smart Balance, Inc.*,

5  733 F. Supp. 2d 1117, 1122-25 (C.D. Cal. 2010) (dismissing consumer fraud claims

6  on Rule 9(b) grounds).

7  **IV.   ARGUMENT**

8      **A.      Plaintiff Lacks Standing to Assert Certain Claims**

9          A Rule 12(b)(1) jurisdictional attack to Article III standing can be either

10  facial or factual.  *White*, 227 F.3d at 1242 (9th Cir. 2000).  "A 'facial' attack asserts

11  that a complaint's allegations are themselves insufficient to invoke jurisdiction,

12  while a 'factual' attack asserts that the complaint's allegations, though adequate on

13  their face to invoke jurisdiction, are untrue."  *Courthouse News Serv. v. Planet*, 750

14  F.3d 776, 780 n.3 (9th Cir. 2014).  Here, the FAC on its face establishes that

15  Plaintiff lacks standing to assert claims: (1) based on unpurchased products; and (2)

16  for injunctive relief.

17          **1.      Plaintiff Lacks Standing to Assert Claims for Products He**

18                  **Did Not Buy**

19          As a general matter, plaintiffs bringing claims premised on allegedly false and

20  misleading labeling do not have Article III or statutory standing to sue on products

21  they did not purchase.  *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 2011 WL

22  159380, *3 (N.D. Cal. Jan. 10, 2011) (dismissing labeling claims for products

23  plaintiff did not purchase or "otherwise suffered any injury or lost money or

24  property") (abrogated on other grounds); *Dysthe v. Basic Research LLC*, No. 09-cv-

25  8013-AG, 2011 WL 5868307, *4 (C.D. Cal. Jun. 13, 2011) ("Plaintiff does not have

26  standing to bring her CLRA, UCL or warranty claim based on a product that she

27  never purchased."); *Snyder v. Green Roads of Fla. LLC*, 2020 WL 42239, at *3

28  (S.D. Fla. Jan. 3, 2020) (in action alleging "product labels misrepresented the

5

1   amount of CBD that each product contained," the court concluded that "Plaintiffs do

2   not have standing to assert claims based on the marketing of [CBD] products that

3   they did not purchase").  Under this line of reasoning, Plaintiff lacks standing to

4   assert claims for all but four of the Products challenged in the FAC.

5       Although some courts find an exception to this rule if the named plaintiff

6   brings suit on several related products where the products, misrepresentations, and

7   injury are "substantially similar," that exception does not apply here.  *Miller v.*

8   *Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012).  To

9   determine whether the purchased and non-purchased products are "substantially

10  similar," courts consider "whether the challenged products are of the same kind,

11  whether they are comprised of largely the same ingredients, and whether each of the

12  challenged products bears the same alleged mislabeling."  *Wilson v. Frito-Lay N.*

13  *Am., Inc.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013).  Notably, courts have

14  recognized that even subtle distinctions between ingredients or serving sizes, which

15  are present here, can make two products decidedly different.

16      For example, in *In re 5-hour Energy Mktg. & Sales Practices Litig.*, No. 13-

17  MDL-2438-PSG, 2017 WL 385042 (C.D. Cal. Jan. 24, 2017), a putative class action

18  challenging the marketing and sale of energy beverages, the defendant advertised

19  beverages as a "dietary supplement and [sold] it in regular, extra-strength, and

20  decaffeinated varieties, in a number of different fruit flavors, and online and in retail

21  locations." *Id.* at *1-2.  According to plaintiffs, the advertising was false and

22  misleading because the beverages provide "only a few minutes of energy, at most,

23  and results in a 'crash' at the end of the five hours." *Id.*  The defendant sought

24  dismissal of claims based on decaffeinated products because the plaintiff only

25  purchased caffeinated products, and the Court agreed. *Id.* at *13.  "Although the

26  purported misstatements on the decaffeinated 5HE packaging are identical to the

27  purported misstatements on the caffeinated packaging . . . the products' ***ingredients***

28  ***differ significantly.***  Decaffeinated 5HE 'contains only *6 mg* of caffeine,' whereas

6

regular strength 5HE contains **200 mg**." *Id.* (emphasis added). As such, "this is not a case where the composition of the product is immaterial." *Id.*

The same reasoning applies here. Plaintiff only alleges that he purchased four products—two flavors of cartridges, 1000 mg gummies, and dog treats—yet seeks to pursue putative class claims covering over fifty products, including dried fruits, oils, honey sticks, isolate powders, and tinctures, all in different flavors, formats, and concentrations (the "Non-Purchased Products"). (FAC ¶¶ 5, 17A-17E.) As in *In re 5-hour Energy,* the purchased and Non-Purchased Products are too different in material ways to permit a non-purchaser to pursue mislabeling claims as to all of them.

<u>First</u>, the makeup of ingredients and challenged labeling differ across the purchased and Non-Purchased Products. The FAC alleges the Products are sold in **13 different concentrations**,[2] with purportedly inaccurate CBD concentrations on the labels. Plaintiff, however, only purchased four Products in **three concentrations**, with the concentration shown on the labeling: (1) JustCBD Signature CBD Cartridges in the Pineapple Express and Northern Lights flavors [200mg CBD each]; JustCBD CBD Gummies [1000mg CBD]; and JustPets Dog Treats [100mg CBD]. (FAC ¶¶ 5, 19E; RJN Exs. 1-4.) Moreover, Plaintiff does not even allege testing any Products in the following **six concentrations**: 25mg CBD, 50mg CBD, 65mg CBD, 550mg CBD, 1500mg CBD, or 3000mg CBD. (FAC ¶ 20.)

Because differences in CBD concentrations go to the heart of this action, short of purchasing and legitimately testing all the accused Products, Plaintiff has not shown or even alleged injury in fact with respect to the other concentrations in which the Products are sold. As with *In re 5-hour Energy*, "this is not a case where

---

[2] Plaintiff alleges that the Products are sold in many different concentrations: "25mg CBD," "50mg CBD," "65mg CBD," "100mg CBD," "200mg CBD," "250mg CBD," "350mg CBD," "500mg CBD," "550mg CBD," "750mg CBD," "1000mg CBD," "1500mg CBD," and "3000mg CBD." (FAC ¶¶ 2 n.2.)

the composition of the product is immaterial."  2017 WL 385042, at *13.  *See also*
*Dysthe v. Basic Research LLC*, No. CV 09-8013 AG (SSx), 2011 WL 5868307, at
*5 (C.D. Cal. June 13, 2011) ("Having a few common ingredients is simply not
enough to show the Products are the same or even 'nearly identical.' . . . just because
an Old Fashioned and a Manhattan both have bourbon doesn't mean they are the
same drink.").

Second, the purchased and Non-Purchased Products are of different types.
The purchased Products are CBD cartridges, gummies, and dog treats (FAC ¶ 5),
whereas the Non-Purchased Products include dried fruits, oils, honey sticks, isolate
powders, and tinctures.  (FAC ¶¶ 17A-17E.)  As a matter of common sense, dried
fruits, oils, honey sticks, and isolate powders differ significantly from vape
cartridges, gummies, and dog treats.  *Jackson v. Gen. Mills, Inc.*, 2019 WL 4599845,
at *4 (S.D. Cal. Sept. 23, 2019) (plaintiff "lacks standing to sue on behalf of
purchasers of different kinds of cereal" because a "key issue in this case is the
degree to which slack-fill results from unavoidable settling of the cereal which
obviously will vary depending on the type, shape, and texture of the cereal, and
possibly other factors as well."); *Tabler v. Panera LLC*, No. 19-CV-01646-LHK,
2019 WL 5579529, at *10 (N.D. Cal. Oct. 29, 2019) ("When a complaint fails to
adequately allege how products a plaintiff purchased are in fact substantially similar
. . . the Court must dismiss the complaint to the extent it seeks to bring claims on the
basis of unpurchased products.").  Other than the presence of CBD, each product has
its own distinct format, composition, and flavor.

Thus, the purchased and Non-Purchased Products are not substantially similar
and Plaintiff lacks standing to pursue claims based on the Non-Purchased Products.

### 2.    Plaintiff Lacks Standing to Pursue Injunctive Relief

While Plaintiff vaguely alleges a right to injunctive relief in the form of an
order "enjoin[ing] the unlawful acts" (FAC ¶¶ 64, 72, 80, 90), he lacks Article III
standing to seek this relief.  Plaintiff claims he was injured by his past purchases of

8

certain Products, but it is well-established that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief" if it is "unaccompanied by any continuing, present adverse effects" that are redressable by injunctive relief.  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).  A plaintiff seeking injunctive relief in a putative class action must have Article III standing to seek that relief, which requires a plausible allegation of potential future harm to the plaintiff.  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018) (Article III standing for injunctive relief depends on plausible allegation of "an imminent or actual threat of future harm caused by [the defendant's] allegedly false advertising").  Those facts are not present here.

Buried in the FAC is an allegation that Plaintiff "may purchase the CBD products in the future under the reasonable belief that the CBD Claims have been corrected."  (FAC ¶ 6.)  This is not enough, and despite an opportunity to amend, Plaintiff's allegation remains unchanged.  *Panera LLC*, 2019 WL 5579529, at *8 (N.D. Cal. Oct. 29, 2019) (no standing where "Plaintiff alleges only the possibility of future injury arising from the fact that Plaintiff '***may purchase the Products in the future***.'") (emphasis added).  As the Ninth Circuit held, conjectural statements are insufficient to establish standing to seek injunctive relief.  *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) (notwithstanding *Davidson*, plaintiff's statement that she would "consider buying" defendant's product in the future did not satisfy the "actual or imminent" standard for future harm).  Stated differently, Plaintiff's "profession of an inten[t] . . . is simply not enough to satisfy Article III."  *Id.* (quotations omitted).  A "some day intention—without any description of concrete plans, or indeed even any specification of when the some day will be—does not support a finding of the actual or imminent injury that Article III requires.  *Id.* (quotations omitted); *accord Wallace v. SharkNinja Operating, LLC*, No. 18-CV-05221-BLF, 2020 WL 1139649, at *14 (N.D. Cal. Mar. 9, 2020) ("The Court agrees with Defendant that Wallace's allegation that she 'would

9

consider' buying a Ninja blender in the future, without more, is insufficient to show a likelihood of future injury.").

It is equally clear that Plaintiff ceased purchasing the Products long ago. Plaintiff's most recent purchase occurred on March 17, 2019—over ***twenty months*** ago.  (FAC ¶ 5.)  Plaintiff's allegation that he "may" buy the Products again is, therefore, "implausible."  *Jackson v. Gen. Mills, Inc.*, No. 18CV2634-LAB (BGS), 2019 WL 4599845, at *5 (S.D. Cal. Sept. 23, 2019).  If Plaintiff is "dissatisfied enough . . . that [he] has stopped buying it, there is no reason to suppose that changed product labeling to tell [him] what [he] already knows . . . would change that."  *Id.*  In other words, a disclosure that CBD concentrations for each unit of consumption may vary within a given range would be immaterial to Plaintiff, who stopped purchasing the Products entirely in early 2019.

## B.   Plaintiff's FAC Fails to Direct Specific Allegations at Individual Defendants

Plaintiff's claims are defective because he fails to make allegations specifically as to each defendant individually (*i.e.* Just Brands USA, Just Brands, and SSGI) or to identify conduct by any individual defendant to support his claims, as required by both Rule 8 and Rule 9(b).  "A shotgun complaint 'is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [various] defendants charged, though geographic and temporal realities make it plain that all of the defendants could not have participated in every act complained of.'"  *Destfino v. Kennedy*, No. CVF081269LJODLB, 2009 WL 63566, at *6 (E.D. Cal. Jan. 8, 2009) (quoting *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).  Courts have found such complaints impermissible under "Rule 8(a), Rule 9(b), and *Iqbal*" because "this shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong," warranting dismissal. *Shin v. Time Squared Global, LLC*, No. SACV 15-00943 AG, 2015 WL 13284952, at *2-3 (C.D. Cal. Aug. 26, 2015).

Here, the FAC includes 93 paragraphs, but addresses allegations specific to Just Brands USA in only one paragraph (FAC ¶ 7); allegations specific to Just Brands in only one paragraph (*id.* ¶ 8); and allegations specific to SSGI in only two paragraphs (*id.* ¶¶ 9-10).  None of Plaintiff's allegations unambiguously assert that any individual defendant engaged in any specific conduct that would support the causes of action that Plaintiff pleads.  *See id.*  Rather, the FAC simply refers to Just Brands USA, Just Brands, and SSGI collectively as "Defendants," and nearly every substantive allegation of the FAC is made broadly against all "Defendants" without any effort to differentiate their individual alleged conduct.

Despite an opportunity to amend, missing from the FAC are any specific factual allegations as to what any particular defendant allegedly did wrong, other than conclusory allegations of joint liability and collectively "advertising, marketing, and packaging." (FAC ¶¶ 7-10.)  Because Plaintiff continues to use the "omnibus term 'Defendants' throughout [the] complaint by grouping defendants together without identifying what the particular defendants specifically did wrong," this "shotgun pleading . . . defect alone could warrant dismissal."  *Shin*, 2015 WL 13284952, at *3 (C.D. Cal. Aug. 26, 2015).

## C.   The Court Lacks Personal Jurisdiction Over the Claims of All Non-California Putative Class Members

In the event the Court finds any of the claims are adequately pleaded, it should nonetheless dismiss the putative class claims, pursuant to Rule 12(b)(2), to the extent they are alleged on behalf of a nationwide class of non-California residents (FAC ¶ 27) because under *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), Defendants are not subject to personal jurisdiction in California for out-of-state purchases.

No defendant is incorporated in California nor has its principal place of business in California.  (FAC ¶¶ 7-10) (alleging each defendant is a Florida corporation with its principal place of business in Florida).  Thus, Defendants are

11

1   not subject to general jurisdiction in California.  *See Daimler AG v. Bauman,* 571

2   U.S. 117, 138-39 (2014) (a corporation is only subject to general jurisdiction where

3   it is "at home," which is generally limited to the corporation's principal place of

4   business and state of incorporation).

5          Turning to specific jurisdiction, the Supreme Court in *Bristol-Myers* held that

6   out-of-state plaintiffs cannot rely on the existence of specific jurisdiction over the

7   claims of in-state plaintiffs, even where the subject matter of the claims (there,

8   liability relating to the prescription drug Plavix) was the same in all instances.  137

9   S. Ct. at 1783.  In other words, the Supreme Court held that each plaintiff's

10  individual claim must arise from the defendant's forum-related activities, regardless

11  of whether specific jurisdiction was established for another claimant.  *Id.* ("The

12  mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in

13  California—and allegedly sustained the same injuries as did the nonresidents—does

14  not allow [California] to assert specific jurisdiction over the nonresidents' claims.").

15         Although *Bristol-Myers* was a "mass-action" (*i.e.,* where many named

16  plaintiffs sue together) rather than a class action, its reasoning applies with equal

17  force to the claims of members of a putative class.  While courts have diverged on

18  this issue, numerous courts throughout the country have held that, under *Bristol-*

19  *Myers*, the claims of putative class members who did not suffer injury in the forum

20  state cannot be pursued in the same action (unless, of course, the defendant is

21  subject to general personal jurisdiction in the forum, which is not the case here).

22         As explained in *Carpenter v. PetSmart, Inc.*, No. 19-CV-1731-CAB-LL, 2020

23  WL 996947, at *5 (S.D. Cal. Mar. 2, 2020), "the rationale for the holding in *Bristol-*

24  *Myers Squibb* indicates that if and when the Supreme Court is presented with the

25  question, it will also hold that a state ***cannot*** assert specific personal jurisdiction

26  over a defendant for the claims of ***unnamed class members*** that would not be

27  subject to specific personal jurisdiction if asserted as individual claims." (emphasis

28  added); *accord Wenokur v. AXA Equitable Life Ins. Co.*, 2017 WL 4357916, at *4

12

n.4 (D. Ariz. Oct. 2, 2017) (the court "lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class."); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. 2017) ("Personal jurisdiction in class actions must comport with due process just the same as any other case.").

For these reasons, Defendants are not subject to personal jurisdiction for the claims of out-of-state plaintiffs, and the Court should dismiss the nationwide putative class claims to the extent they are pleaded on behalf of such individuals.

### D.   <u>Plaintiff's Express Warranty, Unjust Enrichment, and Fraud Claims Are Defective</u>

As an initial matter, the express warranty, unjust enrichment, and fraud claims are defective because the FAC does not specify the applicable state's law.  (FAC ¶¶ 34-40, 47-55.)  The failure to allege which state law governs a claim is "grounds for dismissal."  *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016); *Huu Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *2 n.2 (N.D. Cal. Apr. 11, 2017) ("Plaintiff's claim for unjust enrichment is also subject to dismissal" because "Plaintiff brings this common law cause of action on behalf of a nationwide class, but Plaintiff does not specify which state's (or states') law Plaintiff intends to apply to this cause of action.").

Further, to the extent Plaintiff purports to bring express warranty, unjust enrichment, and fraud claims on behalf of the nationwide class—apparently 50 separate claims under the law of each state—he lacks standing to do so.  It is well accepted that a named plaintiff may only assert a claim under a particular state law if he or she resides in, does business in, or has some connection to that state.  *See In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1074-75 (N.D. Cal. 2015) (granting motion to dismiss claims brought under the laws 35 states where no named plaintiff resided).  Indeed, "the majority of courts . . . have concluded that when 'a representative plaintiff is lacking for a particular state, all claims based on that

state's laws are subject to dismissal.'" *Mollicone v. Universal Handicraft, Inc.*, 2017 WL 440257, at \*9 (C.D. Cal. Jan. 30, 2017).  And "[c]ourts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce."  *Id.* (citations omitted); *see also Becerra v. Gen. Motors LLC*, 241 F. Supp. 3d 1094, 1116 (S.D. Cal. 2017).

### E.  Plaintiff's Unjust Enrichment, UCL, and FAL Claims for Equitable Restitution Fail Because Plaintiff Has Not Alleged Inadequate Remedies at Law

Plaintiff's unjust enrichment, UCL and FAL claims (the Second, Fifth, and Sixth Claims, respectively) must be dismissed because they only allow for equitable relief, and the Complaint makes clear that legal remedies under the CLRA (the Fourth Claim) in the form of money damages are adequate.[3]  It is well-settled that a plaintiff is not entitled to pursue equitable relief if an adequate remedy at law may exist.  *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 62 (1992) ("[I]t is axiomatic that a court should determine the adequacy of damages at law before resorting to equitable relief."); *Prudential Home Mortgage Company, Inc. v. Sup. Ct.*, 66 Cal. App. 4th 1236, 1249-50 (1998) (relief under UCL "is subject to fundamental equitable principles, including inadequacy of the legal remedy.").  Thus, a claim must be dismissed if its only remedy is equitable and there is an adequate remedy at law.

As recently explained by the Ninth Circuit in a precedential decision, the "traditional principles governing equitable remedies in ***federal courts***, ***including the***

---

[3] This principle also applies to unjust enrichment claims under Florida law.  Legal remedies are necessarily adequate based on the FDUTPA claim.  *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("[T]o properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists" and dismissing unjust enrichment claim where it is "predicated on the same set of allegations supporting their claims under FUTSA and FDUTPA.").

1   ***requisite inadequacy of legal remedies***, apply when a party requests restitution

2   under the UCL, [FAL, CLRA, or for unjust enrichment] in a diversity action."

3   *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 2020 WL 4882896, at *7 (9th Cir.

4   August 20, 2020) (affirming grant of motion to dismiss and dismissing UCL claim

5   with prejudice because plaintiff "seeks the same sum in equitable restitution as . . .

6   she requested in damages" under the CLRA) (emphasis added).  A plaintiff cannot

7   proceed with equitable claims past the pleading stage where: (1) "the operative

8   complaint does not allege that [plaintiff] lacks an adequate legal remedy"; or (2) the

9   plaintiff alleges legal claims for money damages that mirror any available equitable

10   restitution.  *Id.*, at *8-9; *accord Philips v. Ford Motor Co.*, 726 F. App'x 608, 609

11   (9th Cir. 2018) (affirming dismissal of UCL claim for failure to plausibly allege

12   inadequate legal remedies).

13        Citing *Sonner*, district courts have recently dismissed UCL, FAL, and unjust

14   enrichment claims for equitable restitution on the pleadings because "there is

15   nothing in the [Complaint] to suggest that monetary damages would not make

16   Plaintiff or the putative class whole."  *Gibson v. Jaguar Land Rover N. Am., LLC*,

17   CV2000769CJCGJSX, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) ("courts

18   generally require plaintiffs seeking equitable relief to allege some facts suggesting

19   that damages are insufficient to make them whole . . . the Ninth Circuit has very

20   recently made clear that this principle applies to claims for equitable relief under

21   both the UCL and CLRA"); *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-

22   EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (citing *Sonner* to conclude

23   that "monetary damages would provide an adequate remedy for the alleged injury"

24   and "the availability of an adequate legal remedy is clear from the face of the SAC

25   and thus further amendment of the complaint would be futile."); *Julian v. TTE*

26   *Technology Inc.*, No. 20-CV-02857-EMC, 2020 WL 6743912, at *5 (N.D. Cal. Nov.

27   17, 2020) ("The Court dismisses the § 17200, § 17500, CLRA, and unjust

28   enrichment claims to the extent they seek equitable relief because Plaintiffs have not

1   demonstrated the inadequacy of a legal remedy."); *Zaback v. Kellogg Sales Co*., No.

2   320CV00268BENMSB, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020)

3   ("*Sonner*, which was also decided on a motion to dismiss, is binding authority").

4       To be sure, "[w]here the claims pleaded by a plaintiff ***may*** entitle her to an

5   adequate remedy at law, equitable relief is unavailable."  *Rhynes v. Stryker Corp.*,

6   2011 WL 2149095, at *3-4 (N.D. Cal. May 31, 2011) (dismissing UCL claim with

7   prejudice) (emphasis in original).  "It matters not that a plaintiff may have no

8   remedy if her other claims fail." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203-

9   04 n.7 (N.D. Cal. 2017) (dismissing UCL and FAL claims with prejudice "[e]ven

10   though . . . Plaintiff's UCL and FAL claims to survive[d] Defendants' first motion to

11   dismiss").

12       Moreover, Plaintiff cannot circumvent this rule by pleading in the alternative.

13   Where a plaintiff pleads legal and equitable claims based on the same alleged

14   misconduct, legal remedies are necessarily adequate.  "Courts routinely dismiss

15   UCL claims at the pleading stage on account of the plaintiff's failure to plead facts

16   demonstrating an entitlement to equitable relief. . . . This is true even where a

17   plaintiff attempts to plead equitable relief in the alternative, as [plaintiff] purports to

18   do here." *Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *9

19   (N.D. Cal. Aug. 19, 2015).  *Accord Bird v. First Alert, Inc.*, 2014 WL 7248734, at

20   *6 (N.D. Cal. Dec. 19, 2014) (dismissing UCL claim because CLRA claim may

21   provide legal remedy, notwithstanding CLRA claim was inadequately pleaded).

22       Here, Plaintiff's unjust enrichment, UCL, FAL, and CLRA claims are all

23   based on the same predicate facts—that the Products allegedly do not contain the

24   stated CBD levels.  (FAC ¶¶ 45 [Unjust Enrichment], 59-61 [CLRA], 68-69 [UCL],

25   76-77 [FAL].)  In fact, Plaintiff's CLRA claim re-alleges and "incorporates by

26   reference the allegations contained in all preceding paragraphs of this complaint"

27   comprising the unjust enrichment Claim.  (*Id.* ¶ 56.)  The UCL and FAL claims

28   similarly incorporate the CLRA claim.  (*Id.* ¶¶ 65, 73.)  Under similar

16

circumstances, courts have "barred claims for equitable relief—including claims for violations of California consumer protection statutes—***at the motion to dismiss stage*** where plaintiffs have alleged other claims presenting an adequate remedy at law." *Munning*, 238 F. Supp. 3d at 1203-04 (emphasis added).

For example, in *Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016), the plaintiff alleged that the defendant-manufacturer falsely advertised products as containing octopus when they actually contained squid. *Id.* at *1. The plaintiff asserted claims under the UCL, FAL, and CLRA, in addition to common law fraud, all based on the same allegedly false advertising. *Id.* Specifically, the plaintiff sought equitable restitution and injunctive relief under the UCL and FAL; injunctive relief under the CLRA; and monetary damages for fraud. *Id.* at *7. The court, however, dismissed the claims for equitable restitution and injunctive relief under the UCL, FAL, and CLRA, reasoning that the remaining causes of action "allow Plaintiff to recover monetary damages and thus provide Plaintiff a remedy at law." *Id.* In other words, "[t]he 'traditional' equitable remedy is an injunction" and "[t]he 'traditional' legal remedy is monetary damages." *Id.* And a plaintiff cannot seek equitable remedies in a false advertising action— including equitable restitution—without plausibly alleging that monetary damages are inadequate. *Id.*

Accordingly, where, as here, "Plaintiff's CLRA, UCL, FAL, and unjust enrichment causes of action rel[y] upon the same factual predicates as . . . [P]laintiff's legal causes of action . . . they must be dismissed."). *Id.*

## V.  LEAVE TO AMEND SHOULD BE DENIED

Although leave to amend may be granted in response to a Rule 12(b) motion, it should not be given where "further amendment would be futile." *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1346 (C.D. Cal. 2014). Here, at minimum, amendment of Plaintiff's UCL, FAL, and unjust enrichment claims would be futile as they are equitable claims that Plaintiff cannot sustain. Legal remedies are

17

necessarily adequate by virtue of the parallel CLRA and FDUTPA claims.

*Munning*, 238 F. Supp. 3d 1195, 1204 (dismissing equitable claims without leave to amend).

## VI. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the FAC be dismissed in its entirety.

Dated: November 23, 2020          **DLA PIPER LLP (US)**

By: /s/  *Isabelle L. Ord*
_____
ISABELLE L. ORD
ALEXANDER E. WOLF
ELIZABETH C. CALLAHAN
Attorneys for Defendants
JUST BRANDS USA, INC., JUST
BRANDS, INC., and SSGI FINANCIAL
SERVICES, INC.

STEFANIE J. FOGEL (Admitted *Pro Hac Vice*)
stefanie.fogel@dlapiper.com
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Tel: 617.406.6000
Fax: 617.406.6100

COLLEEN C. GULLIVER (Admitted *Pro Hac Vice*)
colleen.gulliver@dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel: 212.335.4500
Fax: 212.335.4501

18