ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@dlapiper.com
ELIZABETH C. CALLAHAN (Bar No. 323510)
elizabeth.callahan@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

ALEXANDER E. WOLF (Bar No. 299775)
alexander.wolf@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendants
JUST BRANDS USA, INC., JUST BRANDS, INC.,
and SSGI FINANCIAL SERVICES, INC.
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JUST BRANDS USA, INC., JUST BRANDS, INC., and SSGI FINANCIAL SERVICES, INC.,<br><br>Defendants. | CASE NO. 2:20-CV-04829-ODW-PLA<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:      January 25, 2021<br>Time:      1:30 p.m.<br>Courtroom: 5D<br>Judge:     Hon. Otis D. Wright II |

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, defendants Just Brands USA, Inc. ("Just Brands USA"), Just Brands, Inc. ("Just Brands"), and SSGI FINANCIAL SERVICES, INC. ("SSGI") (collectively, "Defendants"), by and through their counsel of record, hereby respectfully request that the Court take judicial notice of the following:

- The labeling for 200mg JustCBD Signature Cartridges Northern Lights, a true and correct copy of which is attached as **Exhibit 1**.

- The labeling for 200mg JustCBD Signature Cartridges Pineapple Express, a true and correct copy of which is attached as **Exhibit 2**.

- The labeling for 1000mg JustCBD CBD Gummies, a true and correct copy of which is attached as **Exhibit 3**.

- The labeling for 100mg JustPets Dog Treats, a true and correct copy of which is attached as **Exhibit 4**.

It is well established that, in considering a motion to dismiss, "a court may consider a writing referenced in a complaint but not explicitly incorporated therein, if the complaint relies on the document and its authenticity is unquestioned" under the "incorporation by reference" doctrine. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 954, 968 (S.D. Cal. 2012) (citation omitted) (rejecting UCL and CLRA claims where express disclaimers subject to judicial notice contradicted plaintiff's claims that defendant had deceptively failed to disclose certain risks); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (taking judicial notice of the existence and content of Xbox 360 Limited Warranty and Return Information and Xbox Live Terms of Use on motion to dismiss because the terms of those warranties were at issue).

The "incorporation by reference" doctrine permits courts to properly consider a wide array of documents on Rule 12(b)(6) motions, including product labeling and

webpages.  *See, e.g., Manchouck v. Mondelez Int'l Inc.*, No. 13-2148, 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013) (taking judicial notice of packaging "as the contents of these documents are 'not subject to reasonable dispute,' and are incorporated into the amended complaint by reference"); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (holding that "packaging labels for . . . products that the FAC specifically references and quotes" are "appropriate for judicial notice"); *Baxter v. Intelius, Inc.*, No. SACV09-1031 AG MLGX, 2010 WL 3791487, at *2 (C.D. Cal. Sept. 16, 2010) ("The Court also takes consideration of the Adaptive Webpage under the principle of incorporation by reference.").

Here, Plaintiff premises his claims in the FAC on the Products' labeling and website, contending the disclosures on the labeling and www.justcbdstore.com are false and misleading as to the amount of CBD in the products.  This information is alleged throughout the FAC.  (FAC ¶ 2 ["[T]he CBD Products contain only a fraction of the CBD advertised on Defendants' website and on the Products' labeling and packaging."]; ¶ 6 ["Plaintiff Rodriguez purchased his JustCBD products from Defendants' website justcbdstore.com.  Before purchasing his JustCBD-branded products, Plaintiff Rodriguez reviewed product information and images . . ."].)  Plaintiff also contends that Defendants' advertising misled consumers to believe the products contain the amount of CBD stated and are of the highest quality.  (FAC ¶ 18 [". . . Defendants state on their website. . . 'At JustCBD™ we believe that you have the right to know exactly what is inside your CBD products.'"].)

Thus, because product labeling and webpages from Just CBD's website are quoted, referred to and relied upon throughout the FAC; because the representations therein are central to Plaintiff's claims; and because their authenticity cannot reasonably be disputed, Defendants respectfully request that the Court judicially notice **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4.**

| | | |
|---|---|---|
| 1 | Dated: November 23, 2020 | **DLA PIPER LLP (US)** |
| 2 | | |
| 3 | | By: /s/ *Isabelle L. Ord* |
| | | ISABELLE L. ORD |
| 4 | | ALEXANDER E. WOLF |
| 5 | | ELIZABETH C. CALLAHAN |
| | | Attorneys for Defendants |
| 6 | | JUST BRANDS USA, INC., JUST BRANDS, INC., and SSGI FINANCIAL SERVICES, INC. |
| 7 | | |
| 8 | | STEFANIE J. FOGEL (Admitted *Pro Hac Vice*) |
| | | stefanie.fogel@dlapiper.com |
| 9 | | **DLA PIPER LLP (US)** |
| 10 | | 33 Arch Street, 26th Floor |
| | | Boston, MA 02110 |
| 11 | | |
| 12 | | COLLEEN C. GULLIVER (Admitted *Pro Hac Vice*) |
| 13 | | colleen.gulliver@dlapiper.com |
| | | **DLA PIPER LLP (US)** |
| 14 | | 1251 Avenue of the Americas |
| 15 | | New York, NY 10020 |
| | | Tel: 212.335.4500 |
| 16 | | Fax: 212.335.4501 |

# EXHIBIT 1



# EXHIBIT 2



# EXHIBIT 3



# EXHIBIT 4

