Alex R. Straus (CA Bar #321366)
**GREG COLEMAN LAW PC**
16748 McCormick Street
Los Angeles, CA 91436
Telephone: 917-417-1894
alex@gregcolemanlaw.com

Gregory F. Coleman *(Pro Hac Vice)*
Rachel Soffin *(Pro Hac Vice)*
Justin G. Day *(Pro Hac Vice)*
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
greg@gregcolemanlaw.com
rachel@gregcolemanlaw.com
justin@gregcolemanlaw.com

*Attorneys for Plaintiff and the Proposed Class*
[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>    v.<br><br>JUST BRANDS USA, INC., JUST BRANDS, INC., and SSGI FINANCIAL SERVICES, INC.,<br><br>                              Defendants. | Civil Action No.: 2:20-CV-04829-ODW-PLA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:       January 25, 2021<br>Time:       1:30 p.m.<br>Location:  Courtroom 5D<br>Judge:     Hon. Otis D. Wright, II |

# **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................. 1

II. LEGAL STANDARD ......................................................................... 2

III. ARGUMENT ...................................................................................... 3

A. PLAINTIFF HAS ARTICLE III STANDING TO ASSERT HIS CLAIMS ................................................................................ 3

  1. Plaintiff Has Article III Standing To Assert Claims For Substantially Similar Products ..................................... 3

  2. Plaintiff Has Article III Standing To Seek Injunctive Relief ............................................................................... 6

B. PLAINTIFF'S FAC SATISFIES THE PLEADING STANDARDS OF RULES 8 AND 9(b) ................................. 9

C. THIS COURT HAS PERSONAL JURISDICTION OVER THE CLAIMS OF ALL NON-CALIFORNIA PUTATIVE CLASS MEMBERS ................................................................ 12

D. PLAINTIFF'S EXPRESS WARRANTY, UNJUST ENRICHMENT, AND FRAUD CLAIMS ARE ALL SUFFICIENTLY PLED ......................................................... 15

E. PLAINTIFF SUFFICIENTLY ALLEGES AN INADEQUATE REMEDY AT LAW ..................................... 16

  1. Under *Moore* And The Restatement, There Is No "Inadequate Remedy at Law" Requirement for The Claims Alleged ................................................................ 17

  2. Under *Moyle* And *Astiana*, Plaintiff May Plead Equitable Claims Even If There Is an Adequate Remedy At Law ........................................................... 19

  3. Defendants' Authorities And Arguments Do Not Support Dismissal .................................................... 20

    a. Sonner Does Not Support Dismissal ...................... 20

IV. CONCLUSION ................................................................................ 21

# <u>TABLE OF AUTHORITIES</u>

**Cases** <div style="float:right">**Page(s)**</div>

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
   2015 WL 12777092 (C.D. Cal. Oct. 23, 2015) ............................................ 11

*AM Tr. v. UBS AG*,
   78 F. Supp. 3d 977 (N.D. Cal. 2015) ........................................................... 13

*Am. Master Lease LLC v. Idanta Partners, Ltd.*,
   225 Cal. App. 4th 1451 (2014) .................................................................... 18

*Anderson v. Apple Inc.*,
   2020 WL 6710101 (N.D. Cal. Nov. 16, 2020) .............................................. 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................... 3

*Astiana v. Hain Celestial Grp.*,
   783 F.3d 753 (9th Cir. 2015) ....................................................................... 19

*Banh v. Am. Honda Motor Co., Inc.*,
   2019 WL 8683361 (C.D. Cal. Dec. 17, 2019) ............................................. 15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................... 2

*Ben. Plan*,
   823 F.3d 948 (9th Cir. 2016) ....................................................................... 19

*Bland v. Sequel Natural Ltd.*,
   2019 WL 4674337 (N.D. Cal. Aug. 2, 2019) ......................................... 20, 21

*Booth-Kelly Lumber Co. v. Southern Pac. Co.*,
   183 F.2d 902 (9th Cir. 1950) ....................................................................... 18

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) ............................................................................ 2, 12

*Brown v. Hain Celestial Grp., Inc.*,
   913 F. Supp. 2d 881 (N.D. Cal. 2012) ......................................................... 4

*Carpenter v. PetSmart, Inc.*,
   2020 WL 996947 (S.D. Cal. Mar. 2, 2020) ................................................. 14

*Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Pathology Labs. of Arkansas, P.A.*,
   71 F.3d 1251 (7th Cir. 1995) ....................................................................... 18

*Dabish v. Brand New Energy, LLC*,
   2016 WL 7048319 (S.D. Cal. Dec. 5, 2016) ................................................. 4

*Davidson v. Kimberly-Clark Corp.*,
   873 F.3d 1103 (9th Cir. 2017) ............................................................... 7, 8, 9

*Deras v. Volkswagen Grp. of Am., Inc.*,
  2018 WL 2267448 (N.D. Cal. May 17, 2018) ................................................................. 17

*Duran v. Creek*,
  2016 WL 1191685 (N.D. Cal. Mar. 28, 2016) ................................................................. 7

*F.T.C. v. Consumer Defense, LLC*,
  926 F. 3d 1208 (9th Cir. 2019) ....................................................................................... 18

*Fitzhenry-Rusell, et al. v. Dr. Pepper Snapple Grp., Inc.*,
  2017 WL 4224723 (N.D. Cal. Sept. 22, 2017) ......................................................... 12, 13

*Forcellati v. Hyland's, Inc.*,
  2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ................................................................... 16

*Gerstle v. Am. Honda Motor Co., Inc.*,
  2017 WL 2797810 (N.D. Cal. June 28, 2017) ................................................................ 15

*Gordon Feller, et al. v. Transamerica Life Ins. Co.*,
  2017 WL 6496803 (C.D. Cal. Dec. 11, 2017) ................................................................ 13

*Henderson v. Gruma Corp.*,
  2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) .................................................................. 7

*In re 5-hour Energy Mktg. & Sales Practices Litig.*,
  2017 WL 385042 (C.D. Cal. Jan. 24, 2017) ................................................................. 5, 6

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*,
  295 F. Supp. 3d 927 (N.D. Cal. 2018) ........................................................................... 10

*In re Gen. Motors LLC CP4 Fuel Pump Litig.*,
  393 F. Supp. 3d (2019) ................................................................................................... 17

*In re G–Fees Antitrust Litig.*,
  584 F. Supp. 2d 26 (D.D.C. 2008) ................................................................................. 19

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  2011 WL 4501223 (N.D. Cal. Sept. 28, 2011) .............................................................. 18

*In re Trader Joe's Tuna Litig.*,
  289 F. Supp. 3d 1074 (C.D. Cal. 2017) .................................................................... 12, 21

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
  2017 WL 1902160 (D.N.J. May 8, 2017) ...................................................................... 10

*Jackson v. Gen. Mills, Inc.*,
  2019 WL 4599845 (S.D. Cal. Sept. 23, 2019) ................................................................. 9

*Keniston v. Roberts*,
  717 F.2d 1295 (9th Cir. 1983) ....................................................................................... 21

*Koh v. S.C. Johnson & Son, Inc.*,
  2010 WL 94265 (N.D. Cal. Jan. 5, 2010) ........................................................................ 6

*Lanovaz v. Twinings N. Am., Inc.*,
   726 F. App'x 590 (9th Cir. 2018) ............................................................ 8

*Larsen v. Trader Joe's Co.*,
   2012 WL 5458396 (N.D. Cal. June 14, 2012) ....................................... 8

*Madani v. Volkswagen Grp. of Am., Inc.*,
   2019 WL 3753433 (N.D. Cal. Aug. 8, 2019) ........................................ 18

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ............................................................... 3

*Maravilla v. Rosas Bros. Const., Inc.*,
   401 F. Supp. 3d 886 (N.D. Cal. Aug. 14, 2019) .................................. 18

*Marshall v. Danone US, Inc.*,
   402 F. Supp. 3d 831 (N.D. Cal. Sept. 13, 2019) ................................. 21

*Martinelli v. Johnson & Johnson*,
   2019 WL 1429653 (E.D. Cal. Mar. 29, 2019) ..................................... 16

*Melgar v. Zicam LLC*,
   2016 WL 1267870 (E.D. Cal. Mar. 31, 2016) ..................................... 16

*Miller v. Ghirardelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ................................................... 6

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ........................................................ 17, 18

*Moyle v. Liberty Mut. Retirement Ben. Plan*,
   823 F.3d 948 (9th Cir. 2016) ............................................................... 19

*Mullins v. Premier Nutrition Corp.*,
   2018 WL 510139 (N.D. Cal. Jan. 23, 2018) ....................................... 20

*Nguyen v. Barnes & Noble Inc.*,
   2015 WL 12766050 (C.D. Cal. Nov. 23, 2015) .................................. 15

*Noohi v. Kraft Heinz Co.*,
   2020 WL 5554255 (C.D. Cal. July 20, 2020) ..................................... 14

*Ochoa v. Church & Dwight Co.*,
   2018 WL 4998293 (C.D. Cal. Jan. 30, 2018) ................................. 12, 13

*Parrish v. Volkswagen Grp. of Am., Inc.*,
   463 F. Supp. 3d 1043 (C.D. Cal. 2020) ............................................... 19

*Ries v. Arizona Beverages USA LLC*,
   287 F.R.D. 523 (N.D. Cal. 2012) ........................................................... 8

*Robinson v. Unilever U.S., Inc.*,
   2019 WL 2067941 (C.D. Cal. Mar. 25, 2019) .................................... 19

*Roney v. Miller,*
    705 F. App'x 670 (9th Cir. 2017) ........................................................... 20

*Salazar v. Honest Tea, Inc.,*
    2015 WL 75223 (E.D. Cal. Jan. 6, 2015) ................................................. 4

*Shank v. Presidio Brands, Inc.,*
    2018 WL 510169 (N.D. Cal. Jan. 23, 2018) ............................................ 15

*Snyder v. Green Roads of Fla. LLC,*
    2020 WL 42239 (S.D. Fla. Jan. 3, 2020) .................................................. 5

*Snyder v. TAMKO Bldg. Prod., Inc.,*
    2018 WL 3241805 (E.D. Cal. July 2, 2018) ............................................ 16

*Sonner v. Premier Nutrition Corp.,*
    971 F3d 834 (9th Cir. 2020) ............................................................... 2, 20

*Wallace v. SharkNinja Operating, LLC,*
    No. 18-CV-05221-BLF, 2020 WL 1139649 (N.D. Cal. Mar. 9, 2020) ......... 9

*Weeks v. Home Depot U.S.A., Inc.,*
    2020 WL 5947811 (C.D. Cal. Sept. 18, 2020) .......................................... 9

*Werdebaugh v. Blue Diamond Growers,*
    2013 WL 5487236 (N.D. Cal. Oct. 2. 2013) ............................................ 16

**Statutes**

Fed. R. Civ. P. 8 *et seq* ............................................................................... passim
Fed. R. Civ. P. 9(b) ..................................................................................... passim
Fed. R. Civ. P. 12(b)(6) ................................................................................ 2, 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    __INTRODUCTION__

Defendants manufacture, distribute, advertise, and sell underfilled cannabidol ("CBD") products (collectively, the "CBD Products"). First Amended Complaint ("FAC") ¶ 1-2, ECF No. 60. CBD is a highly sought-after non-psychoactive cannabinoid that is extracted from the cannabis plant, which is used to treat anxiety, insomnia, depression, diabetes, PTSD, and chronic pain. FAC at ¶¶ 14, 15. CBD is sold in multiple formulations and can be taken into the body in multiple ways, including as gummies, tinctures, capsules, and vape products. *Id*. ¶ 1. No matter the formulation, consumers of CBD products purchase the products for their CBD content. Accordingly, Defendants prominently mark the front labels of the CBD Products with their purported CBD content. *Id*. at ¶¶ 17, 21.

The crux of Plaintiff's claims in this case is that Defendants underfilled the CBD Products such that they do not provide the quantity of CBD promised on the front labels of the Products. *Id*. ¶¶ 2, 17. Plaintiff is a consumer who purchased Defendants' CBD products. *Id*. ¶¶ 5-6.  Plaintiff alleges that, had he known Defendants' CBD products were illegal, he and other Class members "would not have purchased the Products." *Id*. Plaintiff further alleges that he "reviewed the accompanying labels, disclosures, warranties, and marketing materials," when purchasing his CBD products, and relied on those labels as accurate representations of the CBD content. *Id.* In doing

so, he alleges that he "paid a substantial price premium due to the false and misleading CBD Claims." *Id.*

Defendants now seek to avoid liability for selling mislabeled and underfilled CBD Products by making several arguments – all of which fail. First, Plaintiff has Article III standing to bring all of the claims in this case. Further, contrary to Defendants' protestations, Plaintiff has sufficiently pleaded all of his claims as required by both Fed. R. Civ. P. 8 and 9(b). Moreover, this Court has personal jurisdiction over the claims of all Non-California putative class members, and Defendants' reliance on *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ("*BMS*") is misplaced. Finally, Plaintiff's FAC sufficiently pleads an inadequate remedy at law, and Defendants' cited case, *Sonner v. Premier Nutrition Corp.*, 971 F3d 834 (9th Cir. 2020), is easily distinguishable. As a result, Defendants' motion to dismiss should be denied in its entirety.

## II.    <u>LEGAL STANDARD</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III.    ARGUMENT

### A.    PLAINTIFF HAS ARTICLE III STANDING TO ASSERT HIS CLAIMS

Defendants contend that Plaintiff lacks standing in two different ways: (1) that Plaintiff does not have standing to sue on products he did not purchase; and (2) that Plaintiff lacks standing to seek injunctive relief. As discussed below, each of these arguments are meritless.

#### 1.    Plaintiff Has Article III Standing To Assert Claims For Substantially Similar Products

Defendants contend Plaintiff does not have Article III standing to assert claims for substantially similar products because "[a]s a general matter, plaintiffs bringing claims premised on allegedly false and misleading labeling do not have Article III or statutory standing to sue on products they did not purchase." Motion to Dismiss, ECF No. 63 ("MTD") at 5. That is wrong.

California courts apply the "substantial similarity" test to determine whether a plaintiff has Article III standing to assert claims on substantially similar products. The substantial similarly test requires that "judges look to various factors showing 'substantial similarity' between the purchased and unpurchased products." *Salazar v. Honest Tea, Inc.*, 2015 WL 75223, at *6 (E.D. Cal. Jan. 6, 2015). That is, "the critical inquiry … [is] whether there is sufficient similarity between the products purchased and not purchased." *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) (internal citation omitted). Products are substantially similar where "[t]he misrepresentations across the product lines are identical," and "those common misrepresentations are the crux of [the] Plaintiffs' case." *Id.*; *see also Dabish v. Brand New Energy, LLC,* No. 16-CV-400-BAS(NLS), 2016 WL 7048319, at *3 (S.D. Cal. Dec. 5, 2016) (finding that Plaintiff had standing at the pleadings stage for non-purchased dietary supplements).

Here, the CBD Products are substantially similar. The misrepresentations across the product lines are identical because all of the CBD Products "prominently feature the amount of CBD (e.g. 250mg) on the front label." FAC ¶ 17. Similarly, the crux of Plaintiff's case is that "Defendants' labeling and packaging repeatedly overstate the quantity of CBD contained in their Products." *Id*. at ¶ 2.

*In re 5-hour Energy Mktg. & Sales Practices Litig.*, 2017 WL 385042 (C.D. Cal. Jan. 24, 2017) is inapposite.[1] First, that case was decided at summary judgment, where the court had a more complete evidentiary record. Second, the claim underlying plaintiffs' case was not that the energy drink product at issue was underfilled with certain ingredients. Instead, efficacy claims were central to plaintiffs' case – they alleged that the product provided "five hours of energy" or "hours of energy," and "no crash," but those representations were misleading because the energy product provided only a few minutes of energy, at most, and resulted in a "crash" at the end of the five hours. *In re 5-hour Energy* at *1. Defendant's decaffeinated product contained 6mg of caffeine and the regular strength product contained 200mg of caffeine. Plaintiffs purchased the regular strength product, but they did not purchase the decaffeinated product. Defendant argued that plaintiff did not have standing to pursue claims based on the product they did not purchase. The court sided with defendant and held that product composition was material because the evidence at trial would center on the "effects of the product." *Id*. at *13. Specifically, "[b]ecause the decaffeinated product is composed of different ingredients than the regular-strength product, the evidence as to whether the products provide 'no energy' or a 'crash' is bound to differ." *Id*. As such, "the

---

[1] Moreover, *Snyder v. Green Roads of Fla. LLC*, is entirely inapplicable as to this issue because it relies entirely on Eleventh Circuit law that is clearly contrary to California law. 2020 WL 42239, at *4 (S.D. Fla. Jan. 3, 2020). As such, *Green Roads* is neither precedential, nor it is persuasive where California courts have clearly spoken on this issue.

named Plaintiffs would be poor witnesses at trials related to decaffeinated 5HE, which they did not purchase or consume, and could not adequately describe." *Id*.

Unlike *In re 5-hour Energy*, this case does not involve efficacy claims about the CBD Products. Here, Plaintiff alleges that the labeling and packaging of the CBD Products represent that the Products purportedly contain specific amounts of CBD. FAC at ¶ 2. However, the CBD Products contain only a fraction of the CBD advertised on Defendants' website and on the Products' labeling and packaging. In fact, some of Defendants' Products contain **no CBD whatsoever**. *Id*. (emphasis added). As such, product efficacy is less important here, and this Court will not face the same evidentiary issues at trial as *the In re 5-hour Energy* court faced. Thus, this case "turn[s] on whether the alleged misrepresentations are sufficiently similar across product lines." *See Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869-70 (N.D. Cal. 2012) (citing to *Koh v. S.C. Johnson & Son, Inc.*, 2010 WL 94265, at *1, 2–3 (N.D. Cal. Jan. 5, 2010) (allowing case to proceed where labels were identical)). Because all of Defendants' CBD Products contain sufficiently similar claims regarding the quantities of CBD in each product, Plaintiff has standing to assert claims for all of the substantially similar products alleged in the FAC.

### 2. Plaintiff Has Article III Standing To Seek Injunctive Relief

Defendants further assert that Plaintiff does not have Article III standing to seek injunctive relief. MTD at 8-10. Not so.

As the Ninth Circuit has explained, the "threat of future harm" that confers standing to seek injunctive relief may result from, among other injuries, the "consumer's plausible allegations" that: (i) "[he] will be unable to rely on the product's advertising or labeling in the future," or that (ii) "[he] might purchase the product in the future, despite the fact it was once marred by false advertising or labeling:"

> [A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm. … Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. <u>In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. … In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.</u> … Either way, we share one district court's sentiment that we are "not persuaded that injunctive relief is never available for a consumer who learns after purchasing a product that the label is false." *Duran v. Creek*, 2016 WL 1191685, at *7 (N.D. Cal. Mar. 28, 2016).

*Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017) (some citations omitted; underlining added).

Further, preventing a plaintiff from seeking injunctive relief against deceptive sales practices "would surely thwart the objective of California's consumer protection laws." *Henderson v. Gruma Corp.*, 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011)

(finding that the plaintiff had standing to pursue injunctive relief because "Defendant [did] not [present] evidence or even allege[ ] that it ha[d] removed its allegedly misleading advertising from its products."); *see also Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) ("[W]ere the Court to accept the suggestion that plaintiffs' mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result."); *Larsen v. Trader Joe's Co.*, 2012 WL 5458396, at *10-11 (N.D. Cal. June 14, 2012) (same)

Plaintiff plainly alleges that "he may purchase the CBD Products in the future." FAC ¶ 6. Under *Davidson*, "the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson*, 873 F.3d at 1115. Here, Plaintiff faces that same threat of future harm because, while he desires to purchase CBD products in the future, he cannot be certain that Defendants' ingredient representations are true when he sees the products on the store shelves.  FAC at ¶ 6.

Defendants' cases are inapposite and do not compel the opposite conclusion. *Lanovaz v. Twinings N. Am., Inc*. concerned a motion for summary judgment, where the evidence demonstrated that the plaintiff "would not purchase Twinings products again, even if the company removed the allegedly misleading labels." 726 F. App'x 590, 591 (9th Cir. 2018). Moreover, other cases within the Ninth Circuit that post-date

Defendants' other cases, *Wallace v. SharkNinja Operating, LLC*, No. 18-CV-05221-BLF, 2020 WL 1139649, at *14 (N.D. Cal. Mar. 9, 2020) and *Jackson v. Gen. Mills, Inc.*, 2019 WL 4599845, at *5 (S.D. Cal. Sept. 23, 2019), have made clear that Plaintiff's allegations here are sufficient to confer standing to seek injunctive relief. *See*, *e.g.*, *Anderson v. Apple Inc.*, 2020 WL 6710101, at *6 (N.D. Cal. Nov. 16, 2020) (recognizing that under *Davidson*, "[i]f the plaintiffs had plausibly alleged that they are ***considering*** purchasing other iPhones in the future, it would likely suffice to create injury [to confer standing to seek injunctive relief]") (emphasis added). Plaintiff Rodriguez alleges just that. *See* FAC at ¶ 6 (alleging that Plaintiff may purchase the CBD products in the future under the reasonable belief that the CBD Claims have been corrected).[2]

## B. PLAINTIFF'S FAC SATISFIES THE PLEADING STANDARDS OF RULES 8 AND 9(b)

Defendants next argue that "Plaintiff's claims are defective because he fails to make allegations specifically as to each defendant individually (*i.e.* Just Brands USA, Just Brands, and SSGI) or to identify conduct by any individual defendant to support his claims, as required by both Rule 8 and Rule 9(b)." MTD at 10. This argument is of no moment especially in the context of an umbrella of companies, like here, that is divided into separate business sectors, and the business sectors are

---

[2] In the event the Court finds Plaintiff's FAC insufficiently pleaded with regarding to standing, Plaintiff respectively requests leave to amend to clarify his allegations. *See Weeks v. Home Depot U.S.A., Inc.*, 2020 WL 5947811, at *8 (C.D. Cal. Sept. 18, 2020) (granting plaintiff's request for leave to amend to clarify his allegations with regard to standing).

grouped by function. *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 977 (N.D. Cal. 2018) (finding "lumping" argument made by defendants unpersuasive); *see also*, *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *10 (D.N.J. May 8, 2017) ("[W]hile Plaintiffs use the generic term of 'Defendants' in their Complaint, they also make particularized allegations regarding Defendant VW America's conduct sufficient to satisfy Rules 8 and 9(b) of the Federal Rules of Civil Procedure.").

Here, Plaintiff's FAC sufficiently pleads that Defendants, Just Brands USA, Just Brands Inc., and SSGI Financial Services, Inc. manufacture, sell, and/or globally distribute JustCBD-branded products, and are responsible for the advertising, marketing, and packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the CBD Products. *Id*. at ¶¶ 7, 8, 9. Moreover, the online retail site operated by Defendants, www.justcbdstore.com, references "SSGI Financial Services" and JUST CBD "DBA Just Brands USA" and "DBA Just Brands." *Id*. at ¶ 10. Plaintiff purchased his CBD products from Defendants' website, and Defendants made the misrepresentations which form the basis of this Complaint on their website. *Id*. at ¶¶ 2, 6, 18, 22, 38. As such, Defendants acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged in the FAC. *Id*. ¶ at 10. Moreover, based on information and belief, SSGI dominates and controls all aspects of Defendants' operations. *Id*. These facts show that the FAC

is more than a mere "shotgun pleading" as Defendants claim. *See Almont*

*Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2015 WL 12777092, at *6

(C.D. Cal. Oct. 23, 2015) (rejecting similar "shot gun" argument and finding that

alleged network of entities controlled by a single entity, who directed the misconduct

alleged satisfied applicable federal pleading standards).

      Indeed, Plaintiff's FAC satisfies Rule 8 and 9(b). Specifically, Plaintiff's

allegations plainly meet Rule 9(b)'s heightened standard:

**Who**:  "[P]urchasers of JustCBD-branded products against Defendants [Just Brands
USA, Inc., Just Brands, Inc., and SSGI Financial Services, Inc.] for manufacturing,
distributing, and selling underfilled cannabidiol ("CBD") products (collectively, the
"CBD Products"). FAC ¶ 1.

**What**:  "Defendants' labeling and packaging repeatedly overstate the quantity of
CBD contained in their Products . . . [because] the CBD Products contain only a
fraction of the CBD advertised on Defendant's website and on the Products' labeling
and packaging."  *Id.* ¶ 2; *see also* ¶ 20 (demonstrating that "the true quantity of CBD
in the CBD Products is only a small fraction of Defendant's representations.").

**When**:  "On October 2, 2018, Plaintiff Rodriguez purchased "JustCBD Signature
CBD Cartridges" in the Pineapple Express and Northern Lights flavors. On March
17, 2019, Plaintiff Rodriguez purchased "JustCBD CBD Gummies 1000mg" and
"JustPets Dog Treats."*Id.* ¶ 5.

**Where**:  "Plaintiff Rodriguez purchased his JustCBD products from Defendants'
website justcbdstore.com." *Id.* at ¶ 6.

**How**:  "Before purchasing his JustCBD branded products, Plaintiff Rodriguez
reviewed product information and images, including the CBD Claim featured on the
product packaging, which promised specific quantities of CBD. When purchasing his
CBD Products, Plaintiff Rodriguez also reviewed the accompanying labels,
disclosures, warranties, and marketing materials, and understood them as
representations and warranties by Defendants that the Products contained the
quantities of CBD advertised. Plaintiff Rodriguez relied on these representations and
warranties in deciding to purchase Defendants' CBD Products over comparable

products. Accordingly, these representations and warranties were part of the basis of the bargain, in that he would not have purchased the CBD Products on the same terms had he known these representations were not true. *Id.*

These allegations readily meet the requirements of Rule 9(b). *See In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1091 (C.D. Cal. 2017) (Wright, II, J.) (citations omitted) (finding similar allegations sufficient under Rule 9(b) where plaintiffs set forth the who, what, when, where, and how of Trader Joe's allegedly fraudulent conduct of underfilling amounts of tuna in their products).

## C.  THIS COURT HAS PERSONAL JURISDICTION OVER THE CLAIMS OF ALL NON-CALIFORNIA PUTATIVE CLASS MEMBERS

Relying primarily on *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ("*BMS*"), Defendants contend that the Court does not have personal jurisdiction over them with respect to the claims of putative class members who made "out-of-state purchases." MTD at 11. However, *BMS* is inapposite.

This Court has already determined that because *BMS* was not a class action, and instead was a mass tort action in state court, this factor alone "materially distinguishes [the current action from *BMS*] because in class actions, the citizenship of the unnamed plaintiffs is not taken into account for personal jurisdiction purposes." *See Ochoa v. Church & Dwight Co.*, 2018 WL 4998293, at *9 (C.D. Cal. Jan. 30, 2018) (Wright, II, J.) (*quoting Fitzhenry-Rusell, et al. v. Dr. Pepper Snapple Grp., Inc.*, No. 17-cv-00564, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017) (*citing AM Tr. v. UBS AG*, 78 F. Supp. 3d 977, 986 (N.D. Cal. 2015), aff'd, 681 F.

App'x 587 (9th Cir. 2017) ); *accord Gordon Feller, et al. v. Transamerica Life Ins. Co.*, 2017 WL 6496803, at \*16–17 (C.D. Cal. Dec. 11, 2017) ("[T]he Court is not persuaded to extend *BMS* to the class action context on these facts.").

In *Ochoa*, the defendant, like Defendants here, relied on *BMS* and argued that it was a non-California corporation with its principal place of business outside of California, and that as a result "it can be sued in California only to the extent a particular plaintiff's claims arise out of [it's] contacts with California." *Ochoa* at \*9. Agreeing with the analysis in *Fitzhenry-Russell*[3], this Court rejected the defendant's attempt to broaden BMS's application and held that *BMS* did not extend its reasoning to bar the nonresident plaintiffs' claims in a federal nationwide class action because *BMS* "concerned a mass tort action, in which each plaintiff was a named plaintiff." *Id*. (*citing Fitzhenry-Russell*). This Court further noted, "[t]he Supreme Court in *BMS* applied its reasoning to the narrower grounds of personal jurisdiction in the context of ***mass tort actions***. Thus, its reasoning does not reach so far as to bar the nonresident unnamed class members in the current action." *Id*. (emphasis added).

Moreover, the Central District of California has made clear that "it is premature to determine whether the Court has personal jurisdiction over putative

---

[3] In *Fitzhenry-Russell*, all of the named plaintiffs were California residents, and the named plaintiffs sought to represent a nationwide class of Ginger Ale purchasers, even though eighty-eight percent of the class members were not California residents. *Fitzhenry-Russel*, 2017 WL 4224723, at \*5. The *Fitzhenry-Russell* court held that *BMS* did not extend its reasoning to bar the nonresident plaintiffs' claims in a federal nationwide class action because *BMS* "concerned a mass tort action, in which each plaintiff was a named plaintiff." *Id*.

claims brought by putative class members who are not yet parties to [the] action." *Noohi v. Kraft Heinz Co.*, 2020 WL 5554255, at *5 (C.D. Cal. July 20, 2020).

Defendants' inter-district case, *Carpenter v. PetSmart, Inc.*, 2020 WL 996947 (S.D. Cal. Mar. 2, 2020), has been rejected by courts in the Central District of California. *See Noohi* at *5 ("To the extent the court in *Carpenter v. PetSmart, Inc.*, 2020 WL 996947 (S.D. Cal. Mar. 2, 2020) held that a personal jurisdiction defense can be asserted as to unnamed members of a putative nationwide class at the motion to dismiss stage, this Court disagrees as it relates to this case." (internal citations omitted).

*Carpenter* is distinguishable because there it was not clear that the $5,000,000 amount in controversy requirement under CAFA would be satisfied without the non-California class claims, and therefore the court was concerned that it "lack[ed] CAFA jurisdiction and must dismiss this complaint in its entirety." 2020 WL 996947, at *10. Here, there is no dispute that CAFA's $5,000,000 amount in controversy requirement would not be easily satisfied even if the class were limited to purchases of the CBD Products made in California. Therefore, unlike *Carpenter*, the Court need not decide whether Plaintiff alleging CAFA jurisdiction can rely on the damages attributable to claims by putative class members that may ultimately be dismissed or excluded from the certified class.

**D.    PLAINTIFF'S EXPRESS WARRANTY, UNJUST ENRICHMENT, AND FRAUD CLAIMS ARE ALL SUFFICIENTLY PLED**

Defendants contend that Plaintiff's "express warranty, unjust enrichment, and fraud claims are defective because the FAC does not specify the applicable state's law." MTD at 13. Defendants are incorrect, and their arguments are premature.

Defendants ask the Court to engage in a choice of law analysis that is not appropriate at this stage of the litigation. Indeed, "[a] detailed choice-of-law analysis is a fact-heavy analysis and is generally inappropriate on a motion to dismiss where the parties have not yet developed a factual record." *Banh v. Am. Honda Motor Co., Inc.*, 2019 WL 8683361, at *4 (C.D. Cal. Dec. 17, 2019) (*quoting Gerstle v. Am. Honda Motor Co., Inc.*, 2017 WL 2797810 (N.D. Cal. June 28, 2017), at *4 (citations omitted)).

Here, as in *Gerstle*, "it would be premature to speculate about whether the difference in various states' . . . laws are material in this case." *Id.* (internal quotations omitted). Accordingly, the Court should not dismiss the non-California Plaintiffs' California law claims at this early stage. *See id.* California courts widely agree that "it is premature to dismiss the nationwide class allegations at the pleading stage, and … the issue is more properly addressed at the class certification stage." *Shank v. Presidio Brands, Inc.*, 2018 WL 510169, at *11 (N.D. Cal. Jan. 23, 2018); *see also Nguyen v. Barnes & Noble Inc.*, 2015 WL 12766050, at *4 (C.D. Cal. Nov. 23, 2015) (holding that "most courts in this circuit hold that a claim should not be

dismissed on a conflict of law analysis at the pleading stage, especially 'when

dealing with a potential nationwide class action'"); *Snyder v. TAMKO Bldg. Prod.,*

*Inc.,* 2018 WL 3241805, at *2 (E.D. Cal. July 2, 2018) ("motions to strike class

allegations are disfavored because a motion for class certification is a more

appropriate vehicle for arguments pertaining to class allegations") (internal citation

omitted); *Werdebaugh v. Blue Diamond Growers*, 2013 WL 5487236, at *16 (N.D.

Cal. Oct. 2. 2013) (declining "to evaluate how California's choice-of-law rules

affect[ed] plaintiff's] claims at [the motion to dismiss phase]").

Indeed, courts routinely certify nationwide and multi-state classes based on

claims brought by named plaintiffs within California. *See, e.g., Forcellati v.*

*Hyland's, Inc.*, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014) (certifying

"nationwide class of all persons in the United States who purchased [certain]

Hyland's products"); *Melgar v. Zicam LLC*, 2016 WL 1267870, at *2 (E.D. Cal.

Mar. 31, 2016) (certifying ten state class); *Martinelli v. Johnson & Johnson*, 2019

WL 1429653, at *10 (E.D. Cal. Mar. 29, 2019) (certifying multi-state express

warranty class). Here, as well, Plaintiff will establish at the class certification stage

that certification of a nationwide or multi-state class is appropriate.

### E.    PLAINTIFF SUFFICIENTLY ALLEGES AN INADEQUATE REMEDY AT LAW

Lastly, Defendants seek dismissal of Plaintiff's unjust enrichment, UCL, and

FAL claims based on the theory that he fails to allege an inadequate remedy at law.[4] California courts have rejected nearly identical arguments made by defendants in class actions, and there is a no reason for a different outcome here. *See Deras v. Volkswagen Grp. of Am., Inc.*, 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018) ("[T]his Court find[s] no bar to the pursuit of alternative [equitable] remedies at the pleadings stage.") (internal quotation omitted); *accord, e.g., In re Gen. Motors LLC CP4 Fuel Pump Litig.*, 393 F. Supp. 3d at 882 (2019). As set forth below, the Court should reject Defendants' arguments for three separate reasons.

### 1. Under *Moore* And The Restatement, There Is No "Inadequate Remedy at Law" Requirement for The Claims Alleged

The inadequate remedy at law requirement does not apply to Plaintiff's unjust enrichment, UCL, and FAL claims. Recently, in *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1021, n.13 (9th Cir. 2020), the Ninth Circuit reversed dismissal of UCL (and CLRA claims) and held that the same argument Defendants advance here was "foreclosed by statute" because the UCL and CLRA "explicitly provide that remedies under each act are cumulative to each other." (Citing Cal. Bus. & Prof. Code §§ 1720, 17534.5, Cal. Civ. Code § 1752). The rule that legislatures may eliminate traditional common law prerequisites for equitable relief in statutes is not new or controversial: the Ninth Circuit reaffirmed that principle last year in *F.T.C. v.*

---

[4] Defendants only challenge Plaintiff's UCL and FAL claims (Counts V and VI, respectively). Because Defendants do not challenge Plaintiff's CLRA claim (Count IV) or Plaintiff's FDUTPA claim (Count VII), Defendants concede that these claims are sufficiently pled.

*Consumer Defense, LLC*, 926 F. 3d 1208, 1214 (9th Cir. 2019) ("in a case involving statutory enforcement, where the applicable statute authorizes injunctive relief, the traditional irreparable injury showing is not required"). Prior to *Moore*, several California courts reached the same conclusion. *See e.g. Madani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 3753433 at *9 (N.D. Cal. Aug. 8, 2019) ("Although the Court has previously held, in this case and elsewhere, that an adequate remedy at law bars CLRA and UCL claims for equitable relief, the Court has since reviewed case law … that warrants reconsideration of this principle"); *Maravilla v. Rosas Bros. Const., Inc.*, 401 F. Supp. 3d 886, 902 (N.D. Cal. Aug. 14, 2019) (the equitable remedies under the UCL are "cumulative" to remedies "available under all other laws.").

Similarly, "[a] claimant otherwise entitled to a remedy for unjust enrichment, including a remedy originating in equity, need not demonstrate the inadequacy of available remedies at law." Restatement (Third) of Restitution ("Restatement"), § 4(2). California and federal common law follow the Restatement.[5] California's new jury instruction for unjust enrichment contains no "inadequate remedy at law" requirement. *See* CACI Jury Instruction No. 375 (Issued Nov. 2019).

---

[5] *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 4501223, at *7 (N.D. Cal. Sept. 28, 2011) ("California courts have long relied on the American Law Institute's Restatements for guidance."); *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1487 (2014) (following Restatement (Third) of Restitution); *Booth-Kelly Lumber Co. v. Southern Pac. Co.*, 183 F.2d 902, 907, 910 (9th Cir. 1950) (following Restatement of Restitution); *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Pathology Labs. of Arkansas, P.A.*, 71 F.3d 1251, 1254 (7th Cir. 1995) ("Federal common law tracks the consensus of states, which have developed the law of restitution … We therefore turn to the *Restatement of Restitution* (1937), which summarizes the dominant themes of state common law.") (internal citation omitted).

### 2. Under *Moyle* And *Astiana*, Plaintiff May Plead Equitable Claims Even If There Is an Adequate Remedy At Law

Even if Plaintiff was required to establish an inadequate remedy at law, Defendants' arguments still fail to support dismissal. Rule 8 permits pleading alternative or hypothetical claims and demands for relief, regardless of whether the plaintiff has an adequate remedy at law. *See* Fed. R. Civ. P. 8(a)(3), (d). Citing Rule 8, the Ninth Circuit has at least twice reversed lower court decisions adopting similar arguments advanced by Defendants here. *See Moyle v. Liberty Mut. Retirement Ben. Plan*, 823 F.3d 948, 962 (9th Cir. 2016) (Rule 8(a)(3) permitted plaintiff to pursue both equitable and legal remedies under ERISA); *Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing Rule 8(d)(2) when reversing dismissal of unjust enrichment claim); *see also Robinson v. Unilever U.S., Inc.*, 2019 WL 2067941, *5 (C.D. Cal. Mar. 25, 2019) (following *Moyle* and rejecting same argument Defendants advance here); *Parrish v. Volkswagen Grp. of Am., Inc.*, 463 F. Supp. 3d 1043, 1061 (C.D. Cal. 2020) ("barring claims for equitable relief at the pleading stage is inconsistent with the federal rules that permit pleading in the alternative"). Because of Rule 8, "'[i]t is not generally a ground for dismissal of a complaint asserting equitable claims that the plaintiff has an adequate remedy at law.'" *In re G–Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 46 (D.D.C. 2008) (quoting 1 Moore's Fed. Prac. § 2.03[2] (Matthew Bender 3d ed.)).

### 3.    Defendants' Authorities And Arguments Do Not Support Dismissal

As set forth below, none of Defendants' arguments concerning equitable claims have merit, but even if they did, the proper outcome would be dismissal with leave to amend. *See Bland v. Sequel Natural Ltd.*, 2019 WL 4674337, at *3 (N.D. Cal. Aug. 2, 2019) (granting leave to amend allegations concerning inadequate remedy at law); *Roney v. Miller*, 705 F. App'x 670, 671 (9th Cir. 2017) (lower court erred by denying leave to amend after dismissing amended complaint).

### a.    *Sonner Does Not Support Dismissal*

Defendants primarily rely on *Sonner v. Premier Nutrition Corp.*, 971 F3d 834 (9th Cir. 2020), but *Sonner* is easily distinguishable, and did not overturn the Ninth Circuit's decisions in *Moore*, *Moyle*, *Astiana*, and *Consumer Defense*, cited above. Unlike here, "the operative complaint [did] not allege that *Sonner* lacks an adequate legal remedy," and the plaintiff conceded there was no difference between her legal and equitable remedies. *Id*. *Sonner* also repeatedly noted that the plaintiff abandoned her legal claims "on the brink of trial" as a tactical maneuver to avoid a jury trial, foreclosing any argument for equitable relief. *See id*. at *1-2, 8.

Equally important, Judge Seeborg issued the lower court decision in *Sonner*, and since then he has *twice* distinguished his own decision in that case when rejecting the same argument Defendants advance here. *See Bland v. Sequel Nat. Ltd.*, 2019 WL 4674337, at *2-3 (N.D. Cal. Aug. 2, 2019) (distinguishing *Mullins v. Premier Nutrition Corp.*, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom*

*Sonner*, 2020 WL 4882896); *Marshall v. Danone US, Inc.*, 402 F. Supp. 3d 831, 834 n.1 (N.D. Cal. Sept. 13, 2019) (same). Judge Seeborg explained the outcome in *Sonner* turned on the "litigation choices" made by the plaintiffs in that case (i.e., voluntarily dismissing legal claims on the eve of trial). *See Bland*, 2019 WL 4674337 at *2-3; *Marshall*, 402 F. Supp. 3d 831 n.1. This factor is not present here.

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss should be denied in its entirety. Alternatively, if the motion is granted in any respect, Plaintiff should be given leave to amend. *See, e.g.*, *Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir. 1983) ("Ordinarily, leave to amend should be freely given in the absence of prejudice to the opposing party ....  In the absence of such a reason, denial of leave to amend is an abuse of discretion and reversible."); *In re Trader Joe's Tuna Litig.* at 1081 (recognizing that "a court should freely give leave to amend a complaint that has been dismissed").

Dated:  December 21, 2020        Respectfully Submitted,


*/s/ Alex R. Straus*
Alex R. Straus (CA Bar #321366)
**GREG COLEMAN LAW PC**
16748 McCormick Street
Los Angeles, CA 91436
alex@gregcolemanlaw.com
Telephone: 917-417-1894

Gregory F. Coleman *(Pro Hac Vice)*
Rachel Soffin *(Pro Hac Vice)*
Justin G. Day *(Pro Hac Vice)*
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
greg@gregcolemanlaw.com
rachel@gregcolemanlaw.com
justin@gregcolemanlaw.com

Frederick J. Klorczyk III (CA Bar #320783)
Neal J. Deckant (CA Bar #322946)
Brittany S. Scott (CA Bar #327132)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
fklorczyk@bursor.com
ndeckant@bursor.com
bscott@bursor.com

Jonathan Shub (CA Bar #237708)
Kevin Laukaitis *(Pro Hac Vice)*
**SHUB LAW FIRM LLC**
134 Kings Highway East
2nd Floor
Haddonfield, New Jersey 08033
Telephone: (856) 772-7200
jshub@shublawyers.com
klaukaitis@shublawyers.com

Nick Suciu III *(Pro Hac Vice)*
**BARBAT, MANSOUR & SUCIU PLLC**
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Telephone: (313) 303-3472
nicksuciu@bmslawyer.com

*Attorneys for Plaintiff and the Proposed Class*