ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@dlapiper.com
ELIZABETH C. CALLAHAN (Bar No. 323510)
elizabeth.callahan@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

ALEXANDER E. WOLF (Bar No. 299775)
alexander.wolf@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendants
JUST BRANDS USA, INC., JUST BRANDS, INC.,
and SSGI FINANCIAL SERVICES, INC.
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JUST BRANDS USA, INC., JUST BRANDS, INC., and SSGI FINANCIAL SERVICES, INC.,<br><br>Defendants. | CASE NO. 2:20-CV-04829-ODW-PLA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:      January 25, 2021<br>Time:      1:30 p.m.<br>Courtroom: 5D<br>Judge:     Hon. Otis D. Wright II |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................... 1

II.   ARGUMENT ......................................................................................... 1

    A.    Plaintiff's Claims for Equitable Restitution Fail as a Matter of Law ................................................................................................ 1

        1.    The Inadequate Remedy at Law Requirement Applies in Federal Diversity Actions ......................................................... 2

        2.    Plaintiff's Remaining Arguments Should Be Rejected ............. 5

    B.    Plaintiff Lacks Article III Standing to Assert Claims for Products He Did Not Buy ................................................................ 6

    C.    Plaintiff Lacks Article III Standing to Pursue Injunctive Relief ......... 8

    D.    Plaintiff's Express Warranty, Unjust Enrichment, and Fraud Claims Are Defective ................................................................... 10

    E.    Plaintiff's Shotgun Pleading Does Not Satisfy Federal Standards .... 11

III.  CONCLUSION ................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Anthony v. Pharmavite*,
  2019 WL 109446 (N.D. Cal. Jan. 4, 2019) ........................................................... 9

*Azco Biotech, Inc. v. Qiagen*,
  2013 WL 4500782 (S.D. Cal. Aug. 20, 2013) .................................................... 12

*Bird v. First Alert*,
  2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ................................................. 3, 4

*Bland v. Sequel Nat. Ltd.*,
  2019 WL 4658361 (N.D. Cal. Jan. 18, 2019) ..................................................... 11

*Bland v. Sequel Nat. Ltd.*,
  2019 WL 4674337 (N.D. Cal. Aug. 2, 2019) ....................................................... 4

*Bristol-Myers Squibb Co. v. Superior Court*,
  137 S. Ct. 1773 (2017) ....................................................................................... 12

*Brown v. Hain Celestial Grp., Inc.*,
  913 F. Supp. 2d 881 (N.D. Cal. 2012) ................................................................. 8

*Carpenter v. PetSmart, Inc.*,
  2020 WL 996947 (S.D. Cal. Mar. 2, 2020) .................................................. 11, 12

*Dabish v. Brand New Energy, LLC*,
  2016 WL 7048319 (S.D. Cal. Dec. 5, 2016) ........................................................ 8

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006) ............................................................................................. 7

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ..................................................................... 8, 9, 10

*Drake v. Toyota Motor Corp.*,
  2020 WL 7040125 (C.D. Cal. Nov. 23, 2020) (Blumenfeld, J.) .......................... 5

*Duttweiler v. Triumph Motorcycles*,
  2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) ..................................................... 6

i
REPLY IN SUPPORT OF MOTION TO DISMISS FAC
CASE NO. 2:20-CV-04829

*Dysthe v. Basic Research*,
    2011 WL 5868307 (C.D. Cal. Jun. 13, 2011) ....................................................... 6

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) (Carney, J.) ................................... 2

*Granfield v. NVIDIA Corp.*,
    2012 WL 2847575 (N.D. Cal. July 11, 2012) ..................................................... 6

*Guaranty Trust Co. of New York v. York*,
    326 U.S. 99 (1945) .................................................................................... 4, 5, 6

*Hanna v. Walmart Inc.*,
    2020 WL 7345680 (C.D. Cal. Nov. 4, 2020) (Scarsi, J.) ............................... 3, 10

*Hassell v. Uber Techs., Inc.*,
    2020 WL 7173218 (N.D. Cal. Dec. 7, 2020) (Hamilton, J.) ............................... 3

*Horton v. NeoStrata Co.*,
    2017 WL 932178 (S.D. Cal. Mar. 08, 2017) ..................................................... 11

*In re 5-hour Energy Mktg. & Sales Practices Litig.*,
    2017 WL 385042 (C.D. Cal. Jan. 24, 2017) (Gutierrez, J.) ................................ 7

*In re Trader Joe's Tuna Litig.*,
    289 F. Supp. 3d 1074 (C.D. Cal. 2017) (Wright, J.) ......................................... 12

*IntegrityMessageBoards.com v. Facebook, Inc.*,
    2020 WL 6544411 (N.D. Cal. Nov. 6, 2020) ............................................. 3, 5, 6

*Jackson v. Gen. Mills, Inc.*,
    2019 WL 4599845 (S.D. Cal. Sept. 23, 2019) .................................................... 8

*Lucas v. Breg, Inc.*,
    212 F. Supp. 3d 950 (S.D. Cal. 2016) ................................................................ 3

*Lujan v. Defs. Of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................... 9

*Marshall v. Danone US, Inc.*,
    402 F. Supp. 3d 831 (N.D. Cal. Sept. 13, 2019) ................................................ 4

*Mollicone v. Universal Handicraft, Inc.*,
    2017 WL 440257 (C.D. Cal. Jan. 30, 2017) ..................................................... 11

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) .................................................................................. 5

*Munning v. Gap, Inc.*,
   238 F. Supp. 3d 1195 (N.D. Cal. 2017) ..................................................................... 3

*Ochoa v. Church & Dwight Co.*,
   2018 WL 4998293 (C.D. Cal. Jan. 30, 2018) (Wright, J.) ...................................... 12

*Philips v. Ford Motor Co.*,
   726 F. App'x 608 (9th Cir. 2018) ......................................................................... 2, 5

*Prudential Home Mortgage Co. v. Sup. Ct.*,
   66 Cal. App. 4th 1236 (1998) .................................................................................... 5

*Romero v. Flowers Bakeries, LLC*,
   2016 WL 469370 (N.D. Cal. Feb. 8, 2016) ............................................................ 10

*Schertzer v. Samsonite Co. Stores, LLC*,
   2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) ......................................................... 10

*Snyder v. Green Roads of Fla. LLC*,
   2020 WL 42239 (S.D. Fla. Jan. 3, 2020) .................................................................. 6

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................ passim

*Tabler v. Panera LLC*,
   2019 WL 5579529 (N.D. Cal. Oct. 29, 2019) ........................................................ 10

*Teresa Adams v. Cole Haan, LLC*,
   2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ........................................................... 3

*Valley Forge Christ. Coll. v. Am. United for Sep. of Church & State*,
   454 U.S. 464 (1982) .................................................................................................. 7

*Yothers v. JFC Int'l, Inc.*,
   2020 WL 5015262 (N.D. Cal. May 14, 2020) ....................................................... 10

*Zaback v. Kellogg Sales Co.*,
   2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ........................................................... 3

**STATUTES**

Cal. Civ. Code § 1780(a)(3) ........................................................................................ 3

**OTHER AUTHORITIES**

Rule 8 ................................................................................................................. 5, 6

Rule 9(b) ................................................................................................................ 12

REPLY IN SUPPORT OF MOTION TO DISMISS FAC
CASE NO. 2:20-CV-04829

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's Opposition does not cure the critical weaknesses of the First Amended Complaint ("FAC"), each of which rests on pure issues of law.  Tacitly recognizing this, Plaintiff's Opposition largely seeks to distinguish Defendants' cases rather than actually refuting their legal arguments.  But even this effort is unavailing, requiring dismissal of the FAC.  It is axiomatic that demonstrating inadequate legal remedies is a prerequisite to equitable relief.  That is not possible here—Plaintiff concedes his legal and equitable claims are based on the same underlying conduct, and his alleged monetary damages subsume any available equitable restitution.  Plaintiff also lacks Article III and statutory standing to assert claims for the Products he did not purchase, or to seek injunctive relief.  The material differences in product composition, and absence of "certainly impending" future harm, are dispositive.  Plaintiff's warranty, unjust enrichment, and fraud claims are also defective because the FAC does not specify the governing law, as it must.  Finally, Plaintiff's "shotgun pleading" improperly fails to specify the alleged conduct of each Defendant.  For these reasons, Defendants request that their Motion to Dismiss be granted.

## II.   ARGUMENT

### A.   Plaintiff's Claims for Equitable Restitution Fail as a Matter of Law

The Motion demonstrated that courts "routinely" dismiss equitable claims and remedies on the pleadings where plaintiffs fail to plausibly allege there is no adequate remedy at law. (Mot. at 14-17.)  Here, Plaintiff has adequate remedies at law.  He does not dispute that his equitable claims (unjust enrichment, UCL, and FAL claims) are based on the same underlying conduct as his legal claims—*i.e.*, the sale of mislabeled and under-dosed CBD Products.  He also seeks compensatory damages under his CLRA, common law fraud, and warranty claims in an amount greater than or equal to any equitable restitution available under the UCL, FAL and

for unjust enrichment. (*E.g.*, FAC ¶¶ 39, 54.) Thus, as many courts have held, legal remedies are by definition adequate.

In response, Plaintiff contends that "California courts have rejected nearly identical arguments made by defendants in class actions, and there is a no reason for a different outcome here." (Opp. at 17.) Not so. It is Plaintiff who asks the Court to ignore Ninth Circuit authorities and California law. The Court should not depart from these well-reasoned decisions, which rejected each of Plaintiff's arguments.

### 1. The Inadequate Remedy at Law Requirement Applies in Federal Diversity Actions

Plaintiff effectively asks the Court to overlook *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020), the Ninth Circuit's most recent and authoritative treatment of the claims advanced here, which held the "traditional principles governing equitable remedies in federal courts, ***including the requisite inadequacy of legal remedies***, apply when a party requests restitution under the UCL, [FAL, CLRA, or for unjust enrichment] in a diversity action." This is not new or novel law. Before *Sonner*, the Ninth Circuit affirmed dismissals at the pleading stage for failure to allege inadequate legal remedies. *See, e.g.*, *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) ("Appellants were required to plead the inadequacy of their legal remedies to state a claim for injunctive relief"). This fundamental requirement applies to Plaintiff's claims too.

Citing *Sonner,* district courts have recently dismissed UCL, FAL, and unjust enrichment claims on the pleadings because "there is nothing in the [Complaint] to suggest that monetary damages would not make Plaintiff or the putative class whole." *Gibson v. Jaguar Land Rover N. Am., LLC,* 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (Carney, J.) ("courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole . . . the Ninth Circuit has very recently made clear that this principle applies to claims for equitable relief under both the UCL and CLRA"). Indeed, "*Sonner,*

***which was also decided on a motion to dismiss, is binding authority***." *Zaback v. Kellogg Sales Co.,* 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (emphasis added).[1]  Plaintiff's attempt to couch *Sonner* as "easily distinguishable" fails badly.

<u>First</u>, Plaintiff superficially concludes that, "unlike here, 'the operative complaint [did] not allege that *Sonner* lacks an adequate legal remedy,' and the plaintiff conceded there was no difference between her legal and equitable remedies." (Opp. at 20.)  But this is no distinction.  Here, like *Sonner*, the FAC pleads legal claims for money damages based on the same predicate facts as the equitable claims for restitution and injunctive relief.[2]  Additionally, *Sonner* did not turn on the plaintiff's abandonment of her legal claims on the brink of trial. "Plaintiff's attempts to limit *Sonner* to its procedural posture—*i.e.*, when a litigant makes a strategic eleventh-hour decision immediately before trial to drop a legal claim to guarantee a bench trial—is unpersuasive." *IntegrityMessageBoards.com v. Facebook, Inc.*, 2020 WL 6544411, at *5 (N.D. Cal. Nov. 6, 2020).

Rather, *Sonner* turned on the allegations in the complaint—which made clear that money damages were adequate where, as here, equitable restitution is also sought based on the same underlying allegations.  "It matters not that a plaintiff may have no remedy if her other claims fail." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203-04 n.7 (N.D. Cal. 2017).  Plaintiff's UCL and FAL claims, for example,

---

[1] Numerous recent decisions are in accord.  *Hanna v. Walmart Inc.*, 2020 WL 7345680, at *6 (C.D. Cal. Nov. 4, 2020) (Scarsi, J.) (dismissing UCL claim for equitable restitution and injunctive relief "on the ground that Hanna has not pled facts to show she has no adequate remedy at law."); *Teresa Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) (Selna, J.) ("Adams seeks to distinguish *Sonner* by arguing that its ruling is largely a function of its abnormal procedural history. . . . The Court is not persuaded."); *Hassell v. Uber Techs., Inc.*, 2020 WL 7173218, at *8 (N.D. Cal. Dec. 7, 2020) (Hamilton, J.) (same).

[2] "Restitution" is available under the CLRA.  Cal. Civ. Code § 1780(a)(3).  And it is axiomatic that money damages under the CLRA are greater than or equal to restitutionary disgorgement under the UCL, FAL, and for unjust enrichment in mislabeling cases.  *Lucas v. Breg, Inc.*, 212 F. Supp. 3d 950, 964 (S.D. Cal. 2016) ("Restitution is available for claims brought under the UCL, FAL, and CLRA").

each "incorporates by reference the allegations" constituting the CLRA and fraud claims, which are nearly identical. (FAC ¶¶ 65, 73.) Plaintiff's UCL "unlawful" claim is predicated on "violating the CLRA . . . [and] the FAL as described herein." (*Id.* ¶ 68.) Thus, "plaintiff cannot seek restitution under the UCL because she has an adequate remedy at law . . . for damages under the CLRA." *Bird v. First Alert*, 2014 WL 7248734, at *6 (N.D. Cal. Dec. 19, 2014).

Second, according to Plaintiff, "Judge Seeborg issued the lower court decision in *Sonner* and since then he has twice distinguished his own decision in that case when rejecting the same argument Defendants advance here." (Opp. at 20-21 (citing *Bland v. Sequel Nat. Ltd.,* 2019 WL 4674337, at *2-3 (N.D. Cal. Aug. 2, 2019) and *Marshall v. Danone US, Inc.,* 402 F. Supp. 3d 831, 834 n.1 (N.D. Cal. Sept. 13, 2019)).) Plaintiff is far off base. In *Bland*, Judge Seeborg dismissed all claims for equitable restitution with leave to amend, stating "Defendant is correct that Bland must plead facts tending to show damages are inadequate if he wishes to seek restitution." 2019 WL 4674337, at *3. In *Marshall*, Judge Seeborg reached the opposite outcome with little analysis. 402 F. Supp. 3d at 834 (noting case law "is divided as to the propriety of dismissing equitable claims at the pleading stage").

Critically, however, *Bland* and *Marshall* were issued well before the Ninth Circuit's precedential *Sonner* decision. And *Sonner* was grounded on a controlling federal principle that the district court did not address:

> At bottom, "[t]hat a State may authorize its courts to give equitable relief unhampered by" the "restriction" that an adequate remedy at law be unavailable "***cannot remove that fetter from the federal courts***." *York*, 326 U.S. at 105–06, 65 S.Ct. 1464. Guided by that instruction, we hold that the traditional principles governing equitable remedies in federal courts, ***including the requisite inadequacy of legal remedies***, apply when a party requests restitution under the UCL and CLRA in a diversity action. . . . Accordingly, because Sonner fails to establish that she lacks an adequate remedy at law, we hold, ***albeit on alternative grounds***, that the district court did not err in dismissing Sonner's claims . . . under the UCL and CLRA.

*Sonner*, 971 F.3d at 843-44 (emphasis added). As such, Judge Seeborg's decisions

before the Ninth Circuit's guidance in *Sonner* now lack persuasive value.

### 2. Plaintiff's Remaining Arguments Should Be Rejected

Citing a footnote in *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1021 n.13 (9th Cir. 2020), Plaintiff insists "the inadequate remedy at law requirement does not apply" and is "foreclosed by statute" because the UCL and CLRA "explicitly provide that remedies under each act are cumulative to each other." (Opp. at 17.) Federal common law principles in *Sonner* foreclose this argument. Also, *Moore* never addressed the inadequate remedy at law requirement imposed by federal common law, and the footnote is dictum. 966 F.3d at 1021 n.13.

It is therefore no surprise that, citing *Sonner*, courts have rejected Plaintiff's reading of *Moore*. As explained in *IntegrityMessageBoards.com*, 2020 WL 6544411, at *3-5: (1) "the *Moore* footnote is dictum" and "non-binding"; (2) "the *Moore* footnote addresses only the scope of remedies available under California state law"[3] and "is silent on the federal common law rules underlying the availability of equitable relief"; and (3) "*Sonner* rested its decision on longstanding Supreme Court authority unequivocally requiring the absence of a 'plain, adequate, and complete remedy at law' to obtain equitable relief. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105 (1945). The cumulative nature of any state law remedy may not alter this requirement. . . . Thus, to the extent the majority's reasoning in *Moore* is inconsistent with *York*, *York* controls."

Lastly, Plaintiff's request to plead "alternative or hypothetical claims and demands for relief" under Rule 8 should be swiftly rejected. (Opp. at 19.) There is no entitlement to plead equitable "alternative remedies" where an overlapping legal claim is alleged. A "party does not avoid federal equitable principles merely because the equitable claim is pled in the alternative." *Drake v. Toyota Motor*

---

[3] Even under California state law, equitable remedies under the UCL and CLRA "are 'subject to fundamental equitable principles, including inadequacy of the legal remedy.'" *Philips*, 726 F. App'x at 609 (quoting *Prudential Home Mortgage Co. v. Sup. Ct.*, 66 Cal. App. 4th 1236 (1998)).

5

*Corp.*, 2020 WL 7040125, at *13–14 (C.D. Cal. Nov. 23, 2020) (Blumenfeld, J.). "Courts routinely dismiss UCL claims at the pleading stage on account of the plaintiff's failure to plead facts demonstrating an entitlement to equitable relief. . . . This is true even where a plaintiff attempts to plead equitable relief in the ***alternative***, as [plaintiff] purports to do here." *Duttweiler v. Triumph Motorcycles*, 2015 WL 4941780, at *9 (N.D. Cal. Aug. 19, 2015) (emphasis added). And contrary to Plaintiff's assertions (Opp. at 19), "the *Moyle* panel made no reference to the binding precedent in *York* and plaintiff failed to explain why Rule 8's general permission for alternative pleading limits otherwise applicable principles of federal common law." *IntegrityMessageBoards.com*, 2020 WL 6544411, at *5.

In sum, the requirement to plead an inadequate remedy at law applies here, and Plaintiff's unjust enrichment, UCL, and FAL claims must be dismissed because they only allow for equitable relief. Plaintiff's CLRA claim must also be dismissed to the extent equitable restitution is demanded.

### B. Plaintiff Lacks Article III Standing to Assert Claims for Products He Did Not Buy

Courts frequently find no standing where, as here, a plaintiff makes claims regarding products he did not purchase. *See, e.g., Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("when a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing"); *Dysthe v. Basic Research,* 2011 WL 5868307, *4 (C.D. Cal. Jun. 13, 2011) (same); *Snyder v. Green Roads of Fla. LLC,* 2020 WL 42239, at *3 (S.D. Fla. Jan. 3, 2020) (no standing for unpurchased CBD products). While district courts diverge regarding the applicable standard, the better rule is that plaintiffs only have Article III standing to assert claims based on products actually purchased. Under established Supreme Court authority, Plaintiff must "show that he ***personally*** has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant."

1  *Valley Forge Christ. Coll. v. Am. United for Sep. of Church & State*, 454 U.S. 464,
2  472 (1982) (emphasis added); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335
3  (2006) ("plaintiff must demonstrate standing for each claim he seeks to press").
4     Plaintiff's efforts to distinguish Defendants' cases on this point are unavailing.
5  Even under a "substantially similar" analysis, Plaintiff still lacks standing.  Plaintiff
6  only alleges that he purchased four products—two flavors of cartridges, 1000mg
7  gummies, and dog treats—yet seeks to pursue putative class claims covering over
8  *fifty* vastly different products, including dried fruits, oils, honey sticks, isolate
9  powders, and tinctures, all in different flavors, formats, and concentrations (the
10 "Non-Purchased Products"). (FAC ¶¶ 5, 17A-17E.)  The makeup of ingredients and
11 labeling differ across the purchased and Non-Purchased Products.  Indeed, the FAC
12 admits the Products are sold in **13 different concentrations**, while Plaintiff only
13 purchased four Products in **three concentrations**, all with the concentrations shown
14 on the labels.  These differences in CBD concentrations and Product form are not
15 "substantially similar."  *See In re 5-hour Energy Mktg. & Sales Practices Litig.*,
16 2017 WL 385042 (C.D. Cal. Jan. 24, 2017) (Gutierrez, J.) (finding two products
17 distinct for standing purposes, even though they had "identical" alleged
18 misstatements, where one contained 6mg of caffeine and the other 200mg).
19    Lacking the ability to show the Products are actually substantially similar,
20 Plaintiff resorts to meritless distinctions of *In re 5-hour Energy*.  According to
21 Plaintiff, *In re 5-hour Energy* concerned "efficacy claims" rendering the "product
22 composition" material, unlike the "underfilled" claims here. (Opp. at 5-6.)  That is,
23 "product efficacy is less important here, and this Court will not face the same
24 evidentiary issues at trial." (*Id.*)  This argument is hollow and illogical.  The
25 material differences in caffeine concentrations in *In re 5-hour Energy* (6mg versus
26 200mg) are analogous to the alleged material differences in CBD levels here.
27    Equally clear, product composition and "efficacy" are at the center of this
28 case—*i.e.*, whether each of the fifty Products, in different concentrations and forms,

misrepresents the CBD content therein.  At trial, Plaintiff must demonstrate that each of the fifty Products are systemically under-dosed in terms of CBD concentration.  This requires separate evidence for each Product concentration (ranging from 25mg CBD to 3,000mg CBD, FAC ¶ 2 n.2) and each Product form (ranging from gummies to oils to powders, FAC ¶¶ 5, 17) as to the degree of under-dosage, if any.

Lest there be any doubt, Plaintiff all but concedes this point by alleging that: "some of Defendants' Products contain **no CBD whatsoever**," while others "contain only a fraction of the CBD advertised."  (Opp. at 6) (emphasis in original).  Thus, differences in Product concentration and form are critical, and Plaintiff lacks standing to challenge the Non-Purchased products.  *Jackson v. Gen. Mills, Inc.,* 2019 WL 4599845, at *4 (S.D. Cal. Sept. 23, 2019) (plaintiff "lacks standing to sue on behalf of purchasers of different kinds of cereal . . . [a] key issue in this case is the *degree* to which slack-fill results from unavoidable settling of the cereal which obviously will vary depending on the type, shape, and texture of the cereal….") (emphasis added); *id.* at *4 n.3 ("The FAC alleges that while the cereal she bought settled to 50% slack-fill, two other varieties . . . settle to 30% slack-fill.").[4]

### C. Plaintiff Lacks Article III Standing to Pursue Injunctive Relief

Under Article III of the U.S. Constitution, "[a] plaintiff must demonstrate constitutional standing separately for each form of relief requested."  *Davidson v. Kimberly-Clark Corp.,* 889 F.3d 956, 967 (9th Cir. 2018).  "For injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'"  *Id.*  "In other words, the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of possible future injury are not sufficient.'"  *Id.* (emphasis added).  Facts supporting such

---

[4] Even Plaintiff's cases required more similarity.  (Opp. at 4.)  In *Dabish v. Brand New Energy, LLC,* 2016 WL 7048319 (S.D. Cal. Dec. 5, 2016), the products were uniformly "misbranded . . . as dietary supplements when they were not."  *Id.*, at *3.  Product efficacy and concentrations were immaterial.  In *Brown v. Hain Celestial Grp., Inc.,* 913 F. Supp. 2d 881 (N.D. Cal. 2012), plaintiffs plausibly alleged standing due to "identical" representations of "organic."  *Id.* at 892.

allegations are notably absent here.

While some previously deceived consumers may have standing for injunctive relief in other circumstances, Plaintiff misapplies the standard under *Davidson*. In *Davidson,* the Ninth Circuit held that, while it was a "close question," a previously deceived consumer had standing to seek an injunction against false advertising of wipes as "flushable" based on "plausible" allegations that she "continues to desire to purchase wipes that are suitable for disposal in a household toilet"; "would purchase truly flushable wipes . . . if it were possible"; "regularly visits stores . . . where [Kimberly-Clark's] 'flushable' wipes are sold"; and is "continually presented with Kimberly-Clark's flushable wipes packaging but has no way of determining whether the representation 'flushable' is in fact true." *Id.* at 971. In addition, the complaint was "devoid of any grounds to discount [Davidson's] stated intent to purchase [the wipes] in the future." *Id.* Such plausible allegations may establish "actual and imminent, not conjectural or hypothetical threat of harm." *Id.*

Here, by contrast, Plaintiff simply alleges that he "***may*** purchase the CBD Products in the future . . . but incorrectly, assume the product was improved." (Opp. at 8.) There are no allegations, like in *Davidson*, that Plaintiff repeatedly encounters the Products in stores, or that he repeatedly visits the justcbdstore.com website. Also, there are no allegations of when Plaintiff "may" make such a future purchase. That is unsurprising because Plaintiff admits he ceased purchasing the Products—his most recent purchase occurred on March 17, 2019, twenty-two months ago. (FAC ¶ 5.) Thus, his "***some day intention – without any description of concrete plans***, or indeed even any specification of when the some day will be – does not support a finding of the actual or imminent injury that Article III requires." *Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 564 (1992) (emphasis added).

Courts have cautioned that "*Davidson's* conclusion is narrower than a blanket conclusion that plaintiffs seeking injunctive relief in mislabeling class actions always have standing." *Anthony v. Pharmavite*, 2019 WL 109446, at *5 (N.D. Cal.

9

1  Jan. 4, 2019). Since *Davidson,* district courts have repeatedly rejected allegations
2  just like Plaintiff's based on the *Davidson* standard. As explained in *Tabler v.*
3  *Panera LLC,* 2019 WL 5579529, at *8 (N.D. Cal. Oct. 29, 2019), standing is lacking
4  where "Plaintiff alleges only the possibility of future injury arising from the fact that
5  Plaintiff '*may* purchase the Products in the future.'" (emphasis added). Such
6  allegations fall short of the "certainly impending" threshold. *Id.*; *accord Hanna v.*
7  *Walmart Inc.*, No. 520CV01075MCSSHK, 2020 WL 7345680, at *7 (C.D. Cal.
8  Nov. 4, 2020) ("a plaintiff's allegation that he or she may purchase a product again
9  is insufficient for purposes of establishing standing"); *Schertzer v. Samsonite Co.*
10 *Stores, LLC*, 2020 WL 4281990, at *11 (S.D. Cal. Feb. 25, 2020) (same); Plaintiff's
11 injunctive relief claim thus fails and must be dismissed.[5]

### D. Plaintiff's Express Warranty, Unjust Enrichment, and Fraud Claims Are Defective

14 Plaintiff does not dispute that the FAC fails to specify the applicable state's
15 law for the express warranty, unjust enrichment, and fraud claims. (FAC ¶¶ 34-40,
16 47-55.) This failure to allege which state law governs a claim is "grounds for
17 dismissal." *Romero v. Flowers Bakeries, LLC,* 2016 WL 469370, at *12 (N.D. Cal.
18 Feb. 8, 2016). Of note, courts have dismissed warranty and unjust enrichment
19 claims—brought by Plaintiff's counsel here—for this reason. *Yothers v. JFC Int'l,*
20 *Inc.*, 2020 WL 5015262, at *5 (N.D. Cal. May 14, 2020) ("As plaintiffs do not state
21 under which state's law this claim is brought, that reason alone warrants dismissal").

22 Instead of addressing this issue, Plaintiff misdirects with a different argument
23 —that "Defendants ask the Court to engage in a choice of law analysis that is not
24 appropriate at this stage of the litigation." (Opp. at 15.) Defendants have done no

---

[5] Plaintiff urges that dismissing injunctive relief claims "would surely thwart the objective of California's consumer protection laws." (Opp. at 7.) But that has no bearing on whether injunctive relief is available in a federal forum. "[A] state statute does not change the nature of the federal courts' equitable powers." *Sonner*, 971 F.3d at 841.

1  such thing—the argument for dismissal concerns Plaintiff's individual standing.
2  *PetSmart, Inc.*, 441 F. Supp. 3d at 1039 (defendant "is correct that this is not a
3  choice-of-law issue" and "what Plaintiff is attempting to do here is assert fifty fraud
4  by omission claims" without standing).  As explained in the Motion, the FAC is
5  silent on the applicable law.  As such, Defendants must assume Plaintiff is alleging
6  50 separate claims under the laws of each state to support his "nationwide class," for
7  which he lacks standing.  "[T]he majority of courts . . . have concluded that when 'a
8  representative plaintiff is lacking for a particular state, all claims based on that
9  state's laws are subject to dismissal.'" *Mollicone v. Universal Handicraft, Inc.,* 2017
10 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017).  "Courts routinely dismiss claims
11 where no plaintiff is alleged to reside in a state whose laws the class seeks to
12 enforce." *Id*. (citations omitted).  So too here.

13         **E.**      **Plaintiff's Shotgun Pleading Does Not Satisfy Federal Standards**
14         Plaintiff wholly failed to show a specific, particularized basis for holding each
15 Defendant liable.  Instead, Plaintiff asserts he may use group pleading "in the
16 context of an umbrella of companies, like here, that is divided into separate business
17 sectors." (Opp. at 9.)  Putting aside the fact that Plaintiff has not alleged any facts to
18 support this new Opposition argument, courts reject such attempts at conclusory
19 "group pleading." *Horton v. NeoStrata Co.,* 2017 WL 932178 (S.D. Cal. Mar. 08,
20 2017) (plaintiff "may not group" defendants together "without distinguishing
21 between the allegedly unlawful conduct of each").  Plaintiff alleges without any
22 factual support that each of the Defendants "manufactures, sells, and/or globally
23 distributes JustCBD-branded products, and is responsible for the advertising,
24 marketing, and packaging." (FAC ¶¶ 7-9.)  He then falsely assumes without any
25 supporting facts that, "[b]ased on information and belief, SSGI dominates and
26 controls all aspects of Defendants' operations" and "Defendants acted in concert
27 with . . . the other Defendants." (FAC ¶ 10.)
28         Such formulaic assertions are insufficient.  *See Bland v. Sequel Nat. Ltd.*,

2019 WL 4658361, at *5 (N.D. Cal. Jan. 18, 2019) ("Bland's bare assertion that WhiteWave took part in the marketing and labeling of its subsidiary's products, without more, is insufficient to establish liability with respect to WhiteWave."); *Azco Biotech, Inc. v. Qiagen,* 2013 WL 4500782 (S.D. Cal. Aug. 20, 2013) (rejecting "threadbare" assertions that "that each defendant was the agent of every other defendant").[6]

## III. CONCLUSION[7]

For these reasons, Defendants respectfully request that the FAC be dismissed.

Dated: January 11, 2020   **DLA PIPER LLP (US)**

By: /s/  *Isabelle L. Ord*
ISABELLE L. ORD
ALEXANDER E. WOLF
Attorneys for Defendants
JUST BRANDS USA, INC., JUST BRANDS, INC., and SSGI FINANCIAL SERVICES, INC.

STEFANIE J. FOGEL (Admitted *Pro Hac Vice*)
stefanie.fogel@dlapiper.com
33 Arch Street, 26th Floor
Boston, MA 02110

COLLEEN CAREY GULLIVER (Admitted *Pro Hac Vice*)
colleen.gulliver@dlapiper.com

---

[6] *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1091 (C.D. Cal. 2017) (Wright, J.), cited by Plaintiff, is not on point.  (Opp. at 12.)  At issue was the sufficiency of misrepresentations under Rule 9(b), not group pleading.  *Id.*

[7] Defendants submit that the Court lacks personal jurisdiction over non-California putative class members under *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), and preserve the argument here.  (Mot. at 11-13.)  Defendants recognize that the Court disagreed in *Ochoa v. Church & Dwight Co.,* 2018 WL 4998293 (C.D. Cal. Jan. 30, 2018) (Wright, J.). More recent district court decisions have also gone the other way.  *See e.g. Carpenter v. PetSmart, Inc.*, 2020 WL 996947 (S.D. Cal. Mar. 2, 2020).