O

# United States District Court
# Central District of California

| | |
|---|---|
| MIGUEL RODRIGUEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JUST BRANDS USA, INC., JUST BRANDS, INC., and SSGI FINANCIAL SERVICES, INC.,<br><br>Defendants. | Case № 2:20-CV-04829-ODW (PLAx)<br><br>**ORDER DENYING MOTION TO STAY [65], AND GRANTING MOTION TO DISMISS [63]** |

## I. INTRODUCTION

Plaintiff Miguel Rodriguez filed this putative class action against Defendants Just Brands USA, Inc., Just Brands, Inc., and SSGI Financial Services, Inc. (First Am. Compl. ("FAC"), ECF No. 60.) Defendants now move to (1) stay the case pending regulatory guidance from the Food and Drug Administration ("FDA"), and (2) alternatively, to dismiss the FAC. (Mot. Stay ("MTS"), ECF No. 65; Mot. Dismiss ("MTD"), ECF No. 63; *see also* Opp'n MTS, ECF No. 68; Reply ISO MTS, ECF No. 70; Opp'n MTD, ECF No. 67; Reply ISO MTD, ECF No. 69.) For the following reasons, the Motion to Stay is **DENIED**, and the Motion to Dismiss is **GRANTED**.[1]

---

[1] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Defendants sell cannabidiol ("CBD") products under the brand "JustCBD," which includes CBD-infused "compounds, tinctures, and edibles." (FAC ¶¶ 1, 7–10.) On October 2, 2018, and March 17, 2019, Plaintiff purchased JustCBD vape cartridges, gummies, and dog treats after reviewing and relying on the "product packaging, which promised specific quantities of CBD." (*Id.* ¶¶ 5–6.) Plaintiff claims that he later discovered, through independent lab testing commissioned by counsel, that JustCBD products contained between 10% to 100% less CBD content than promised on its labels. (*Id.* ¶ 20.) Accordingly, Plaintiff complains that he "paid a substantial premium due to the false and misleading CBD claims . . . [and] did not receive the benefit of his bargain. (*Id.* ¶ 6.)

Plaintiff commenced this putative class action on May 29, 2020, against Defendants collectively as the manufacturers, distributors, and sellers of JustCBD products, each responsible for its "advertising, marketing, and packaging." (*Id.* ¶¶ 7–9.) Plaintiff asserts seven causes of action against Defendants for: (1) breach of express warranty; (2) unjust enrichment; (3) fraud; (4) violation of the California Consumers Legal Remedies Act ("CLRA"), California Civil Code sections 1750, *et seq.*; (5) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code sections 17200, *et seq.*; (6) violation of California's False Advertising Law ("FAL"), California Business & Professions Code sections 17500, *et seq.*; and (7) violation of Florida's Deceptive & Unfair Practices Act ("FDUTPA"), Florida Statutes Annotated sections 501.201, *et seq.* (*See generally id.*) Now, Defendants move to stay the case under the primary jurisdiction doctrine or, alternatively, to dismiss the FAC. (MTS 1; MTD 1–2.)

### III. MOTION TO STAY

First, the Court addresses Defendants' Motion to Stay under the primary jurisdiction doctrine, pending regulatory guidance from the FDA.[2] (MTS 1.) "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). This doctrine is "a prudential one," and permits the courts to stay "an otherwise cognizable claim [if it] implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* However, primary jurisdiction only "applies in a limited set of circumstances." *Id.* at 1115. The doctrine "is to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Id.* at 1114. Not all claims within an agency's purview need be decided by the agency, and the doctrine is not "intended to secure expert advice for the courts from regulatory agencies every time a court is presented with an issue conceivably within the agency's ambit." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002).

"No fixed formula exists for applying the doctrine of primary jurisdiction." *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956). "[T]he question is a matter for the court's discretion," and the Ninth Circuit has typically invoked the doctrine where there is "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive

---

[2] The Court **GRANTS** Defendants' Request for Judicial Notice of documents published by the FDA and legislative authorities regarding the pending FDA guidelines. (Req. Judicial Not. ISO MTS, ECF No. 66.) *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (granting judicial notice for "matters of public record" that are not "subject to reasonable dispute"); *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (granting judicial notice for "records and reports of administrative bodies").

regulatory authority that (4) requires expertise and uniformity in administration." *Syntek*, 307 F.3d at 781 (citing *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987)). At bottom, "efficacy is the deciding factor in whether to invoke primary jurisdiction," and it need not be invoked "when a referral to the agency would significantly postpone a ruling that a court is otherwise competent to make." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760–61 (9th Cir. 2015).

Here, Defendants contend that each relevant factor is met because (1) the FDA has regulatory authority over CBD products under the Agricultural Improvement Act of 2018 ("2018 Farm Bill"), Public Law No. 115–334; (2) pending FDA guidelines are necessary to resolve a material issue because the FDA is developing "validated testing . . . to support the manufacturing of safe and consistent CBD products"; and (3) there is a need for uniform application of forthcoming FDA guidelines on CBD products. (MTS 8–11.) In opposition, Plaintiff contends that the Court is competent to resolve this matter without the pending FDA guidelines. (Opp'n MTS 4.) Plaintiff is correct.

The heart of Plaintiff's claim is that Defendants "overstate[d] the quantity of CBD contained in their [p]roducts." (FAC ¶ 2.) For the FDA to have primary jurisdiction over this matter, its forthcoming guidelines must affect labeling standards for disclosing CBD content. However, the pending FDA guidelines mainly concern the sale of CBD products as medicine or dietary supplements with "unsubstantiated therapeutic claims," which violates the law and puts patients at risk. (Not. of Public Hr'g 12970.) It is unlikely that these safety guidelines would change labeling standards such that Defendants could overstate and underfill the CBD content in their products to the extent that "some [p]roducts contained no CBD whatsoever." (FAC ¶ 2); *see also Ballard v. Bhang Corp.*, No. EDCV 19-2329 JGB (KKx), 2020 WL 6018939, at *5 (C.D. Cal. Sept. 25, 2020) (declining to stay a case for alleged underfilling of CBD in chocolates because it was unlikely "that possible FDA regulations on the safety of CBD will clarify whether [defendants'] advertising lines

up with its product"). Similarly, the "validated testing" that Defendants claim to be necessary for this matter focuses on testing standards for *manufacturing processes*, not CBD concentration. (Not. of Public Hr'g 12972.) At most, these guidelines might provide some "expert advice" to the courts; however, this alone is not enough to invoke the primary jurisdiction doctrine. *See Syntek*, 307 F.3d at 780. The Court is thus competent to resolve this matter without guidance from the pending FDA regulations, and primary jurisdiction does not apply. *Astiana*, 783 F.3d at 760–61.

Additionally, the cases upon which Defendants rely to invoke the primary jurisdiction doctrine are inapposite, as those cases involved the legality of labeling CBD products as safe for sale in the United States or for use as medicine or dietary supplements. *See, e.g.*, *Adam Dasilva v. Infinite Prod. Co. LLC,* No. CV 16-10148-DMG (Ex), 2020 WL 900642, at *2 (C.D. Cal. Mar. 3, 2021) (alleging that defendants illegally marketed CBD products as safe for medical use); *Colette v. CV Sci. Inc.*, No. 2:19-cv-10227-VAP-JEM(x), 2020 WL 2739861, at *4 (C.D. Cal. May 22, 2020) (claiming defendants illegally mislabeled CBD products as dietary supplements); *Glass v. Global Widget, LLC*, 2020 WL 3174688, at *2 (E.D. Cal. June 15, 2020) (claiming defendants misrepresented that CBD was "legal to sell in the United States"). Here, in contrast, Plaintiff does not contest the legal status of JustCBD products; he simply alleges that JustCBD products contained less CBD than advertised. (FAC ¶ 2.)

In short, this case is not within the "limited set of circumstances" under which primary jurisdiction applies. The Court need not rely on the pending FDA guidelines to determine whether Defendants may misrepresent the CBD content in its products. *See Astiana*, 783 F.3d at 761. Thus, the Motion to Stay is **DENIED**.

### IV.     MOTION TO DISMISS

The Court now turns to Defendants' Motion to Dismiss. Defendants move to dismiss Plaintiff's claims for lack of standing under Rule 12(b)(1), lack of personal

jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6). (MTD 1–2.) The Court addresses each issue in turn.

**A.   Rule 12(b)(1) – Standing**

Rule 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. A defendant may bring a Rule (12)(b)(1) motion to dismiss based on a lack of standing. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White*, 227 F.3d at 1242). A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

"In a class action, the plaintiff class bears the burden of showing that Article III standing exists." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011). "[S]tanding requires that (1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently "concrete and particularized" and actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

Here, Defendants raise two arguments related to standing. First, they argue that Plaintiff lacks standing to assert claims for any JustCBD products that he did not purchase because he was not injured by those products. (MTD 6.) Second, they claim that Plaintiff lacks standing to seek injunctive relief because he fails to show actual or imminent future harm. (*Id.* at 9.)

   *1.   Unpurchased Products*

Plaintiff asserts claims based on the following JustCBD products: (1) all JustCBD gummies, including all flavors and sizes, (2) all JustCBD edibles, including all flavors and sizes, (3) all JustCBD honey, oil, and isolate products, including all

sizes, (4) all JustCBD tincture products, including all flavors and sizes, and (5) all JustCBD vape products, including all flavors. (FAC ¶ 17.) However, out of those products listed, Plaintiff claims to have only purchased four. (*Id.* ¶ 5.) Defendants argue that Plaintiff therefore lacks standing to assert claims regarding the remaining JustCBD products that he did not purchase. (MTD 5.)

"[A] plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Michael v. Honest Co., Inc.*, No. LA CV15-07059 JAK (AGRx), 2016 WL 8902574, at *8 (C.D. Cal. Dec. 6, 2016). "[T]he critical inquiry seems to be whether there is substantial similarity between the products purchased and not purchased." *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 2990766, at *11 (N.D. Cal. Jul. 20, 2012). Courts have considered factors including "whether the challenged products are of the same kind, whether they are comprised of largely *the same ingredients*, and whether each of the challenged products bears *the same alleged mislabeling*." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013) (emphases added). Where plaintiffs sufficiently allege similarity between the purchased and unpurchased products in the complaint, the courts have determined that this was enough to survive dismissal. *Id.* at *12. "[A]ny concerns . . . about material differences are better addressed at the class certification stage." *Astiana*, 2012 WL 2990766, at *13.

Here, the Court finds that Plaintiff alleges sufficient similarity between the purchased and unpurchased products. (FAC ¶¶ 17–20.) While it may be true that ingredients and CBD contents vary across JustCBD's products, such variance alone is not dispositive. *Astiana*, 2012 WL 2990766, at *13 (finding the fact that products "may ultimately have different ingredients [to] not [be] dispositive" when plaintiffs challenge the same basic mislabeling). Plaintiff asserts one common allegation regarding all JustCBD products, which is that the labels misrepresent CBD content. (FAC ¶ 20.) All JustCBD products contain labels to disclose the relevant amount of

CBD contained therein, and Plaintiff presents specific examples of how the alleged underfilling and mislabeling occurs across the different types of products with differing levels of CBD concentrations—from tinctures to gummies to vape oils to dried fruit slices. (*Id.*) Therefore, Plaintiff plausibly alleges standing to bring his claims against all JustCBD products. Questions regarding material differences will be more appropriately addressed at the class certification stage. *See Astiana*, 2012 WL 2990766, at *13. Defendants fail to offer a valid reason to dismiss on this basis.

### 2. *Injunctive Relief*

Defendants also contend that Plaintiff lacks standing to seek injunctive relief because he alleges only that he "may" purchase JustCBD products in the future. (MTD 9.) The Court agrees. To satisfy Article III standing, a plaintiff seeking injunctive relief "premised entirely on the threat of repeated injury, . . . must show a sufficient likelihood that he will again be wronged in a similar way." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). This issue becomes more complicated in cases where plaintiffs were previously deceived or are aware of alleged misrepresentations because "plaintiffs who are already aware of the deceptive nature of an advertisement are not likely to be misled into buying the relevant product in the future, and therefore are not capable of being harmed again in the same way." *Id.* at 968. Still, "a previously deceived plaintiff may have standing to seek injunctive relief." *Id.* at 970. Ultimately, the question is whether Plaintiff's allegations "cross the line from an insufficient *possible* future injury to an actionable *certainly* impending injury." *Schertzer v. Samsonite Co. Stores, LLC*, 2020 WL 4281990, at *11 (S.D. Cal. Feb. 25, 2020).

A firm intention to purchase the product in the future is sufficient to satisfy standing. *See, e.g.*, *Stewart v. Kodiak Cakes, LLC*, No. 19-cv-2454-MMA (MSB), 2021 WL 1698695, at *9–10 (S.D. Cal. Apr. 29, 2021) (finding plaintiffs' claim "that they intend to" purchase the products in the future to be sufficiently concrete). For instance, in *Davidson*, the Ninth Circuit held that the plaintiff established standing by

alleging that she "continue[d] to desire to purchase" the defendant's products, that she "would purchase" them if it were possible, and that she "regularly visit[ed]" stores selling the defendant's products such that she continued to be presented with its packaging. *Davidson*, 889 F.3d at 970–71. Under those circumstances, the Ninth Circuit held that the plaintiff's continued desire to purchase the defendant's products and "alleged harm [through] her inability to rely on the validity of information advertised on [packaging]" was enough for standing. *Id.* at 971.

Where, as here, a plaintiff vaguely alleges that he "may" purchase the product in the future, the Ninth Circuit and district courts have found this "some day intention" insufficient to satisfy Article III standing. *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018); *see, e.g.*, *Hanna v. Walmart Inc.*, No. 5:20-cv-01075-MCS-SHK, 2020 WL 7345680, at *7 (C.D. Cal. Nov. 4, 2020) (finding plaintiff's claim that she "may purchase" the product if it was reformulated insufficient for standing); *Schertzer*, 2020 WL 4281990, at *11 (finding plaintiff's claim that she "may in the future" shop at defendant's store insufficient to confer standing); *Wallace v. SharkNinja Operating, LLC*, No. 18-cv-05221-BLF, 2020 WL 1139649, at *24 (N.D. Cal. Mar. 9, 2020) (finding plaintiff's claim that she "would consider" buying the product in the future "insufficient to show a likelihood of future injury").

Applying the above standards, Plaintiff's claim that "he may purchase the CBD products in the future" is not enough to satisfy Article III standing. (FAC ¶ 6.) Plaintiff alleges only a possibility of future injury, not an injury that is "certainly impending." *Davidson*, 889 F.3d at 972. Plaintiff thus lacks standing to seek injunctive relief. This deficiency could be overcome by an amendment, however; thus, Plaintiff's prayer for injunctive relief is **DISMISSED with leave to amend.**[3]

---

[3] A court dismissing a complaint should provide leave to amend if the complaint could be saved by amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). Reasons to deny leave to amend include "bad faith, undue delay, prejudice to the opposing party,

**B.      Rule 12(b)(2) – Personal Jurisdiction**

Next, Defendants challenge the Court's personal jurisdiction over them with respect to claims brought by class members who are not California residents. (MTD 11.) Under Rule 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A federal court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110–11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945)).

In this case, Defendants challenge personal jurisdiction with respect to claims brought by out-of-state class members because those class members "did not suffer injury in the forum state." (MTD 12.) This argument relies on *Bristol Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017), where the Supreme Court held that there must be "a connection between the forum and the specific claims at issue." In *Bristol-Myers*, the plaintiffs were California and non-California residents who filed a mass tort action for injuries caused by a pharmaceutical drug, and the Supreme Court held that the California court lacked personal jurisdiction as to claims brought by the non-California residents when they did not purchase or ingest the drug in California. *Id.* at 1778, 1782.

The rule from *Bristol-Myers* does not apply here because this case involves a nationwide class action. As this Court explained in *Ochoa v. Church & Dwight Co.*, the fact that *Bristol-Meyers* was not a class action "alone distinguishes [it] because in class actions, the citizenship of the unnamed plaintiffs is not taken into account for personal jurisdiction purposes." *Ochoa*, No. 5:17-cv-02019-ODW (SP), 2018 WL

---

and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilly Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

4998293, at *10 (citing *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No 17-cv-00564, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017)). Courts in the Ninth Circuit have affirmed this holding. *See Sousa v. 7-Eleven, Inc.*, No. 19-CV-2142 JLS (RBB), 2020 WL 6399595, at *3 (joining "most of the courts that have encountered this issue . . . to conclude that *Bristol-Meyers* does not apply to unnamed class members in a putative federal class action).

In a class action, "the claims of the unnamed class members are irrelevant to the [personal] jurisdiction analysis." *AM Trust v. UBS AG*, 78 F. Supp. 3d 977, 987 (N.D. Cal. Jan. 29, 2015). The Court requires only that "personal jurisdiction requirements . . . be satisfied for each and every *named plaintiff*." *Id.* (emphasis added). Here, the named plaintiff is a California resident and his claims against Defendants arise out of purchases made in California. (FAC ¶¶ 5–6.) Thus, the Court has personal jurisdiction over Defendants in this action, and Defendants fail to offer a valid reason to dismiss on this basis.

## C.  Rule 12(b)(6) – Failure to State a Claim

Lastly, a court may dismiss a complaint under Rule 12(b)(6), for lack of a cognizable theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Baistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir 1988). A complaint need only satisfy the minimum notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). But factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Testing the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the

complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Here, Defendants argue that: (1) the FAC is a "shotgun pleading" that fails to allege specifically as to each Defendant; (2) Plaintiff's common law claims are defective for failure to allege the governing state law; and (3) Plaintiff fails to establish claims for equitable relief by failing to allege inadequate remedies at law. (MTD 10, 13, 14). The Court addresses each argument in turn.

### 1. *Shotgun Pleading*

Defendants contend that the FAC is a "shotgun pleading" because it refers to Defendants collectively without "any effort to differentiate their individual alleged conduct." (MTD 11.) Meanwhile, Plaintiff maintains that the FAC clearly alleges each Defendant's role. (Opp'n to MTD 10). The Court agrees with Plaintiff.

Shotgun pleadings have a "unifying characteristic . . . [in] that they fail to one degree or another, or in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). In this case, the FAC sufficiently apprises Defendants of the allegations against them. Plaintiff clearly alleges that Defendants are collectively involved in manufacturing, selling, distributing, advertising, marketing, and packaging JustCBD products, and invokes joint and several liability and agency to tie Defendants' conduct together. (FAC ¶¶ 7–10.) Although Defendants argue that these claims lack factual support, Rule 8(a) only requires that the allegations "be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. 544, 555 (2007). The FAC is not a "shotgun pleading" such that Defendants cannot "know[] exactly what they are accused of doing wrong." *Sollberger*, 2010 WL 2674456, at *4. Thus, Defendants fail to offer a valid reason to dismiss on this basis.

### 2. *Common Law Claims and Governing State Law*

Plaintiff asserts three common law claims, for breach of express warranty, unjust enrichment, and fraud. (*See* FAC ¶¶ 34–55.) Defendants argue that (1) Plaintiff cannot assert claims based on laws of states in which he does not reside; and (2) Plaintiff fails to sufficiently plead the applicable state law for each of his claims. (MTD 13.) Defendants are correct on both accounts.

First, "[w]here . . . a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal." *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009); *see, e.g.*, *Mollicone v. Universal Handicraft, Inc.*, No. 2:16-cv-07322-CAS(MRWx), 2017 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017) (dismissing claims based on laws of states not represented by named plaintiffs); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) (same). In this case, Plaintiff is a California resident who purchased JustCBD products in California, so all claims based on any other state's laws are subject to dismissal.[4]

Second, "due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016.). "Even if basic elements of [common law claims] are unlikely to differ much from state to state, there may be (and likely are) differences . . . regarding issues such as applicable statute of limitations and various equitable defenses." *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019). In this case, Plaintiff fails to allege the governing state law for his express warranty, unjust enrichment, and fraud claims. Thus, dismissal is appropriate.

---

[4] Although Defendants raise this argument with respect to Plaintiff's common law claims, the Court notes that Plaintiff's seventh cause of action must be dismissed because it arises under Florida law, and Plaintiff (the only named plaintiff) is a California resident. (FAC ¶ 5.) As this deficiency cannot be fixed by amendment, Plaintiff's seventh cause of action under the FDUTPA is hereby **DISMISSED with prejudice**.

Furthermore, although an amendment could cure Plaintiff's breach of express warranty and fraud claims, the same cannot be said for his unjust enrichment claim. "[U]njust enrichment is a remedy, rather than a freestanding claim." *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1166 (C.D. Cal. 2012). "Under California law, a claim for unjust enrichment [also] cannot stand alone as an independent claim for relief." *Iezza v. Saxon Mortg. Serv., Inc.*, No. 10-03634 DDP (JCGx), 2010 WL 3934041, at *2 (C.D. Cal. Sept. 28, 2010). Thus, Plaintiff's unjust enrichment claim does not constitute a proper cause of action, and an amendment would be futile. Accordingly, to the extent Plaintiff asserts unjust enrichment as a standalone cause of action, that claim is **DISMISSED with prejudice**, while Plaintiff's claims for breach of express warranty and fraud are **DISMISSED with leave to amend**.

### 3. *Equitable Remedies*

Finally, Defendants challenge Plaintiff's UCL and FAL claims on grounds that Plaintiff fails to allege inadequate legal remedies. (MTD 14.) With these claims, Plaintiff seeks to enjoin Defendants from engaging in the alleged conduct as well as "actual damages, restitution, and reasonable attorneys' fees." (FAC ¶¶ 72, 80.) Insofar as Plaintiff seeks injunctive relief, the Court has already dismissed such claims above with leave to amend. And to the extent Plaintiff seeks monetary relief via the UCL and FAL, Defendants are correct.

Actions under the UCL and FAL are actions in equity. *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 112 (1972). "[I]n federal court[,] . . . equitable remedies are subject to traditional equitable principles unaffected by state law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020). As such, "a federal court *must* apply traditional equitable principles before awarding restitution under the UCL and CLRA." *Id.* (emphasis added). "[T]o state a UCL [or FAL] claim, a plaintiff must plead that legal remedies are inadequate." *Cal. Surgical Inst., Inc. v. Aetna Life & Cas. (Bermuda) Ltd.*, No. SACV 18-02157-JVS (DFMx), 2019 WL 1581415, at *8 (C.D. Cal. Feb. 6, 2019). This is because "[r]emedies under

the UCL [and FAL] are limited to restitution and injunctive relief, and do not include damages." *Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*, No. SACV 11-01197-CJC (ANx), 2012 WL 13028094, at *2 (C.D. Cal. Apr. 4, 2012) (citing *Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th 1134, 1146–49 (2003)). "[T]he UCL is not an all-purpose substitute for a tort or contract action." *Korea Supply*, 29 Cal. 4th at 1150 (internal quotation marks omitted) ("[N]onrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL.") *Korea Supply*, 29 Cal. 4th at 1152.

Here, Plaintiff fails to plausibly allege it lacks an adequate remedy at law for restitution beyond the damages it already seeks through its other claims. Although Plaintiff attempts to seek equitable relief merely in the alternative to actual damages, "legal and equitable claims based on the same factual predicates are not true alternative theories of relief but rather are duplicative." *Madrigal v. Hint, Inc.*, No. CV 17-02095-VAP (JCx), 2017 WL 6940534, at *5 (C.D. Cal. Dec. 14, 2017). Because Plaintiffs' CLRA, UCL, and FAL claims are all based on the same factual predicates (namely, the underfilling of CBD content), Plaintiff cannot maintain claims for restitution under the UCL and FAL. Nor does the law permit Plaintiff to seek actual damages through such claims. Indeed, no amendment could cure these deficiencies. Thus, to the extent Plaintiff seeks monetary damages through the UCL and FAL, such claims are **DISMISSED with prejudice**. To be clear, Plaintiff may still amend such claims to the extent they seek injunctive relief, as discussed above.

## V. CONCLUSION

In summary, the Motion to Stay is **DENIED**. (ECF No. 65.) The Motion to Dismiss is **GRANTED**. (ECF No. 63.) Plaintiff's first and third causes of action (breach of contract; fraud) are **DISMISSED with leave to amend**. Plaintiff's second and seventh causes of action (unjust enrichment; FDUTPA) are **DISMISSED with prejudice**. Plaintiff's fourth and fifth causes of action (UCL; FAL) are **DISMISSED with limited leave to amend**, as explained.

Plaintiff may file a Second Amended Complaint curing the deficiencies identified above within **twenty-one (21) days** of the date of this Order. If Plaintiff files an amended complaint, Defendants must file their response(s) in accordance with Rule 15(a)(3). Failure by Plaintiff to timely amend will result in dismissal of all claims with prejudice and closing of this case.

**IT IS SO ORDERED.**

May 18, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**