**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (State Bar No. 320783)
Neal J. Deckant (State Bar No. 322946)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: fklorczyk@bursor.com
ndeckant@bursor.com
bscott@bursor.com

*Attorneys for Plaintiff and the Proposed Class*

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JUST BRANDS USA, INC., JUST BRANDS, INC., and SSGI FINANCIAL SERVICES, INC.,<br><br>Defendants. | Case No. 2:20-CV-04829-ODW-PLA<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Miguel Rodriguez brings this action on behalf of himself and all others similarly situated against Defendants Just Brands USA, Inc. ("Just Brands USA"), Just Brands, Inc. ("Just Brands"), and SSGI Financial Services, Inc. ("SSGI") (collectively, "Defendants")[1], each of whom collectively does business as "JustCBD." Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a putative class action lawsuit on behalf of purchasers of JustCBD-branded products against Defendants for manufacturing, distributing, and selling underfilled cannabidiol ("CBD") products (collectively, the "CBD Products" or "Products," as enumerated below). CBD is commonly used to treat anxiety, insomnia, depression, diabetes, PTSD, and chronic pain. CBD is sold in a variety of forms, including compounds, tinctures, and edibles. CBD can be administered by inhalation of smoke or vapor. Alternatively, food and beverage items can be infused with CBD as an alternative means of ingesting the substance.

2. Defendants' labeling and packaging repeatedly overstate the quantity of CBD contained in their Products. As discussed below, the labeling and packaging of the CBD Products are replete with representations and warranties, namely that the Products purportedly contain specific amounts of CBD (the "CBD Claims").[2] However, the CBD Products contain only a fraction of the CBD advertised on Defendants' website and on the Products' labeling and packaging. In fact, some of Defendants' Products contain no CBD whatsoever. For example, pursuant to

[1] Plaintiff, subject to discovery, reserves the right to amend the Complaint as to Just CBD, LLC and Just Brands FL, LLC.

[2] Specifically, the CBD Claims include the following: "25mg CBD," "50mg CBD," "65mg CBD," "100mg CBD," "200mg CBD," "250mg CBD," "360mg CBD," "500mg CBD," "550mg CBD," "750mg CBD," "1000mg CBD," "1500mg CBD," and "3000mg CBD."

independent lab testing commissioned by Plaintiff's counsel, the "JustCBD Honey Liquid Tincture," which purports to contain "100mg CBD" in the bottle, actually contains just 48.92mg CBD per bottle. This represents an underfill of approximately 51%. As another example, the "JustCBD Apple Rings Gummies," which purportedly contains "250mg CBD," in fact contains a non-detectable quantity of CBD.[3] This represents an underfill of 100%. By misrepresenting the true quantity of CBD in their CBD Products, Defendants are able to charge a substantial price premium on account of these fictitious CBD quantity claims.

3. Defendants' multiple and prominent systematic mislabeling of the Products form a pattern of unlawful and unfair business practices that harms the public.

4. For all the reasons set forth herein, including but not limited to Defendants' misrepresentations regarding the quantity of CBD in its products, Plaintiff seeks relief in this action individually, and as a class action on behalf of similarly situated California purchasers of Defendants' products, for: (i) breach of express warranty; (ii) fraud; (iii) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA"); (iv) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"); and (v) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*. ("FAL").

**THE PARTIES**

5. Plaintiff Miguel Rodriguez is a citizen of California who resides in Van Nuys, California. On October 2, 2018, Plaintiff Rodriguez purchased "JustCBD Signature CBD Cartridges" in the Pineapple Express and Northern Lights flavors. On March 17, 2019, Plaintiff Rodriguez purchased "JustCBD CBD Gummies 1000mg" and "JustPets Dog Treats."

[3] AL screens CBD at a limit of detection of 0.4mg/g.

6. On both occasions, Plaintiff Rodriguez purchased his JustCBD products from Defendants' website justcbdstore.com. Before purchasing his JustCBD-branded products, Plaintiff Rodriguez reviewed product information and images, including the CBD Claim featured on the product packaging, which promised specific quantities of CBD. When purchasing his CBD Products, Plaintiff Rodriguez also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and warranties by Defendants that the Products contained the quantities of CBD advertised. Plaintiff Rodriguez relied on these representations and warranties in deciding to purchase Defendants' CBD Products over comparable products. Accordingly, these representations and warranties were part of the basis of the bargain, in that he would not have purchased the CBD Products on the same terms had he known these representations were not true. However, Plaintiff Rodriguez has an intention to purchase the CBD Products in the future if the products are truthfully labeled and not misleadingly underfilled. In making his purchases, Plaintiff Rodriguez paid a substantial price premium due to the false and misleading CBD Claims. However, Plaintiff Rodriguez did not receive the benefit of his bargain, because Defendants' CBD Products do not contain anywhere near the quantities of CBD advertised. Plaintiff Rodriguez also understood that in making the sale, his retailer was acting with the knowledge and approval of Defendants and/or as the agent of Defendants. Plaintiff Rodriguez further understood that each purchase involved a direct transaction between himself and Defendants, because the CBD Products came with packaging and other materials prepared by Defendants, including representations and warranties regarding the CBD Claims.

7. Defendant Just Brands USA, Inc. ("Just Brands USA"), is a Florida corporation with its principal place of business in Coral Springs, Florida. Just Brands USA manufactures, sells, and/or globally distributes JustCBD-branded products, and is responsible for the advertising, marketing, and packaging of CBD-

infused edibles, oils, tinctures, creams, and vapes, including the CBD Products. Just Brands USA manufactured, marketed, and/or sold the CBD Products during the relevant class period. The planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the CBD Products and the CBD Claims was primarily carried out at Just Brands USA's headquarters and facilities within Florida, as is most, or all, of the CBD Products' manufacturing and assembly.

8. Defendant Just Brands, Inc. ("Just Brands"), is a Florida corporation with its principal place of business in Hollywood, Florida. Just Brands manufactures, sells, wholesales, and/or globally distributes JustCBD-branded products, and is responsible for the advertising, marketing, and packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the CBD Products. Just Brands manufactured, marketed, and/or sold the CBD Products during the relevant class period. The planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the CBD Products and the CBD Claims was primarily carried out at Just Brands headquarters and facilities within Florida, as is most, or all, of the CBD Products' manufacturing and assembly.

9. Defendant SSGI Financial Services, Inc., is a Florida corporation with its principal place of business in Coral Springs, Florida. SSGI manufactures, sells, and/or globally distributes JustCBD-branded products, and is responsible for the advertising, marketing, and packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the CBD Products. SSGI manufactured, marketed, and sold the CBD Products during the relevant class period. The planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the CBD Products and the CBD Claims was primarily carried out at SSGI's headquarters and facilities within Florida, as is most, or all, of the CBD Products' manufacturing and assembly.

10. Based on information and belief, SSGI dominates and controls all aspects of Defendants' operations. For example, the online retail site operated by Defendants, www.justcbdstore.com, references "SSGI Financial Services" and JUST CBD "DBA Just Brands USA" and "DBA Just Brands." Additionally, SSGI's principal address is registered with the Florida Secretary of State in Coral Springs, Florida, which is the same town as both Just Brands USA. Just Brands USA, Inc. lists SSGI Financial Services as its Vice President. Since each Defendant acted jointly to perpetrate the acts described herein, they are thus subject to joint and several liability. At all times relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged.

11. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendants.

13. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff Rodriguez is a citizen of California, resides in this District, and purchased JustCBD-branded products from Defendants in this District. Moreover, Defendants distributed, advertised, and sold JustCBD-branded products, which are the subject of the present complaint, in this District

## FACTS COMMON TO ALL CLAIMS

### A. General Explanation Of CBD Products

14. CBD is a highly sought-after additive with purported medicinal properties. CBD is used to treat anxiety, insomnia, depression, diabetes, PTSD, and chronic pain. CBD can be taken into the body in multiple ways, including by inhalation of smoke or vapor, as an aerosol spray into the cheek, and by mouth. Food and beverage items can be infused with CBD as an alternative means of ingesting the substance.

15. CBD, which stands for cannabidiol, is a naturally occurring phytocannabinoid found in certain strains of hemp. Food and beverage products containing CBD were introduced in the United States in 2017. Hemp seed ingredients that contain trace amounts of THC during harvesting (less than 0.3%) have been declared by the United States Food and Drug Administration ("FDA") to be generally recognized as safe ("GRAS").

16. The production, sale, and distribution of CBD is a booming industry that is "gaining in popularity among consumers with the legal CBD market projected to surpass $23 billion in annual U.S. sales by 2023," according to Forbes.[4] With large retailers like CVS, Walgreens, and Kroger having entered the market, the CBD industry is undergoing rapid growth. Yet, given that the "industry has little to no regulation with no one watching what's going into the product[,]" this rapid expansion has produced negative consequences for consumers.[5] For instance, after commissioning lab testing for "35 CBD products from seven different companies[,]" NBC investigators discovered that "20 of [the 35 samples tested] had less than half of the amount of CBD advertised on the label" and "[s]ome samples had no CBD at all."

---

[4] https://www.forbes.com/sites/brucejapsen/2019/07/11/cvs-walgreens-to-lead-23-billion-cbd-market-by-2023/#47aa4d2252ca (accessed 05/18/20).

[5] https://www.nbcmiami.com/investigations/505335101.html (accessed 05/18/20).

**B. Defendants' CBD Products Prominently Feature The CBD Claims**

17. The CBD Products at issue include the following products from Defendants, all of which prominently feature the amount of CBD (e.g. 250mg) on the front label:

A. All "CBD Gummies" labeled with CBD Claims, including all flavors and sizes of: "JustCBD Gummies,"[6] "JustCBD Sugar Free Gummies,"[7] and "JustCBD Jet Setter Orange Berry Blast Immune Support Gummies;"[8]




B. All "CBD Edibles" labeled with CBD Claims, including all flavors and sizes of "JustCBD Dried Fruit;"[9]

[6] "JustCBD Gummies" come in a range of flavors, including "Sour Bear," "Apple Rings," "Happy Face," "Worms," "Rainbow Ribbons," "Sour Worms," "Peach Ring," "Gummy Cherries," "Blueberry Rings," and "Watermelon Rings." Additionally, each flavor is available in different size jars from 250mg, 500mg, 750mg, 1000mg, 3000mg jars. *See* https://www.justcbdstore.com/product-category/cbd-gummies/ (accessed 05/18/2020).

[7] "JustCBD Sugar Free Gummies" come in different sizes, including jars purporting to contain "250mg CBD," "500mg CBD," "750mg CBD," "1000mg CBD," and "3000mg CBD" *See* https://www.justcbdstore.com/product/sugar-free-cbd-gummies/ (accessed 05/18/2020).

[8] "JustCBD Jet Setter Orange Berry Blast Immune Support Gummies" products purport to contain "300mg" per jar.

[9] "JustCBD Dried Fruit" Products come in a range of flavors, including "Apricots," "Apple Slices," "Pineapple Chunks," "Papaya Chunks," "Kiwi Chunks," and "Mango." Each flavor is available in different sizes, including jars purporting to contain "250mg CBD," "500mg CBD," "750mg CBD," "1000mg CBD," and

C. All "CBD Honey, Oil, and Isolate" Products labeled with CBD Claims, including all sizes of: "JustCBD Coconut Oil,"[10] "JustCBD Honey Sticks,"[11] and "JustCBD Isolate;"[12]










D. All "JustCBD Tincture" Products labeled with CBD Claims, including all flavors and sizes of: "JustCBD Full Spectrum

---

"3000mg CBD." *See* https://www.justcbdstore.com/product-category/cbd-dried-fruit/ (accessed 05/18/2020).

[10] "JustCBD Coconut Oil" purports to contain "360mg CBD." *See* https://www.justcbdstore.com/product/coconut-oil-tincture-2/ (accessed 05/18/2020).

[11] "JustCBD Honey Sticks" purport to contain "10mg CBD per stick" and can be purchased in two sizes: a "10-pack" jar and a "100-pack" jar. *See* https://www.justcbdstore.com/product/cbd-honey-sticks/; https://www.justcbdstore.com/product/honey-sticks-jar-10-pack/ (accessed 05/18/2020).

[12] "JustCBD Isolate," which Defendants advertise as "a pure isolate powder containing 99% CBD, our highest concentration CBD product available," comes in a 1-gram package with 1000mg of CBD." *See* https://www.justcbdstore.com/product-category/cbd-isolate/ (accessed 08/09/2019).

Tincture,"[13] "JustCBD Oil Tincture,"[14] and "JustCBD Daily Dose Oil Tincture;"[15] and




E. All "JustCBD Vape" Products labeled with CBD Claims, including all flavors of: "JustCBD Vape Cartridges,"[16] "JustCBD Signature Series Cartridges,"[17] and "JustCBD Vape Juice."[18]

---

[13] "JustCBD Full Spectrum Tincture" Products come in a range of sizes, including bottles purporting to contain "50mg CBD," "100mg CBD," "250mg CBD," "550mg CBD," "1000mg CBD," and "1500mg CBD." *See* https://www.justcbdstore.com/product/full-spectrum-tincture/ (accessed 05/18/2020).

[14] "JustCBD Oil Tincture" Products come in a range of flavors, including "Coconut Oil," "Hemp Seed Oil," and "Liquid Honey." Each flavor is available in different sizes, including bottles purporting to contain "50mg CBD," "100mg CBD," "250mg CBD," "550mg CBD," "1000mg CBD," or "1500mg CBD." *See* https://www.justcbdstore.com/product-category/cbd-tincture/ (accessed 05/18/2020).

[15] "JustCBD Daily Dose Oil Tincture" products come in multiple flavors, including "Coconut Oil," and "Hemp Seed Oil." Each flavor purports to contain "[a]pproximately 65mg of CBD." *See* https://www.justcbdstore.com/product/daily-dose-mct-coconut-oil/; https://www.justcbdstore.com/product/daily-dose-hemp-seed-oil/ (accessed 05/18/2020).

[16] "JustCBD Vape Cartridges" come in a range of flavors, including "Strawberry," "Blueberry," "Mango," and "Honey." Each flavor purports to contain "200mg CBD." *See* https://www.justcbdstore.com/product-category/cbd-vape-cartridges/ (accessed 05/18/2020).

[17] "JustCBD Signature Series Cartridges" come in a range of flavors, including "Pineapple Express," "Northern Lights," and "Sour Diesel." Each flavor purports to contain "200mg CBD." *See* https://www.justcbdstore.com/product-category/cbd-vape-cartridges/ (accessed 05/18/2020).

[18] "JustCBD Vape Juice" Products come a range of flavors, including "Blue Dream," "Blue Razz," "Cinnamon Sugar Cookies," "Cookies," "Mango Ice," "Watermelon OG," "Pina Colada," "Strawberry Cheesecake," and "Pineapple Express." Each flavor comes in "60mL bottles" purporting to contain 100mg" of CBD, 250mg of CBD, 500mg of CBD, 1000mg of CBD, or 1500mg of CBD. *See* https://www.justcbdstore.com/product-category/cbd-vape-oil/ (accessed 05/18/2020).










**C. Defendants' CBD Products Contain Less CBD Than Promised**

18. Defendants purport to take honesty and transparency seriously. As depicted below, Defendants state on their website: "Looking around we found that the CBD business was consistently misrepresented and being taken advantage of. At JustCBD™ we believe that you have the right to know exactly what is inside your CBD products. It is our mission and promises to never misrepresent the content of our products. With the help of world-class labs to test our products, we are confident that JustCBD™ is made with industry-leading quality, honesty, and love."[19]





About Us

JustCBD was founded on the basis that Cannabidiol is Mother Nature's secret miracle. Looking around, we found that the CBD business was consistently misrepresented. At JustCBD, we believe that you have the right to know what is inside your CBD products. It is our mission and promise never to misrepresent the content of our products. With the help of world-class labs to test our products, we are confident that JustCBD is made with industry-leading quality, honesty, and love.




[19] https://www.justcbdstore.com/about-us/ (accessed 05/18/2020).

19. As manufacturers, suppliers, wholesalers, distributors, and/or retailers, Defendants tested, or should have tested, their products prior to sale. As such, Defendants know or should have known that the CBD claims are false and misleading.

20. Defendants' CBD Claims are false and misleading. As independent lab testing reveals, the true quantity of CBD in the CBD Products is only a small fraction of Defendants' representations. Plaintiff's counsel commissioned testing of Defendants' products, which show that the Products do not contain the amount of CBD promised in the CBD Claims. For example, Defendants' "JustCBD Liquid Honey Tincture" product, which is labeled as containing "100mg CBD," actually contains a total of 48.92mg. This is an underfill of 51.08%. As another example, a June 4, 2019 lab test failed to detect any CBD in Defendants' "JustCBD Apple Rings Gummies" product, which is labeled as containing "250mg CBD" per jar. This is an underfill of 100%.

| **CBD Product** | **CBD Claim** | **Actual CBD Content** | **% Difference** |
|---|---|---|---|
| JustCBD Liquid Honey Tincture | **100mg** | **48.92mg** | **-51.08%** |
| JustCBD Apple Rings Gummies | **250mg** | **0mg** | **-100%** |
| JustCBD PureFlavor Honey | **100mg** | **0.87mg** | **-89.6%** |
| JustCBD Strawberry Vape Oil | **200mg** | **15.7 mg** | **-92.15%** |
| JustCBD Dried Fruit Apple Slices | **1000mg** | **12.7mg** | **-98.73%** |
| JustCBD Dried Fruit Papaya Chunks | **500mg** | **35.7mg** | **-92.86%** |
| JustCBD Dried Fruit Kiwi Chunks | **250mg** | **11.8mg** | **-95.28%** |
| JustCBD Emoji Gummies | **250mg** | **7.5mg** | **-97%** |
| Just Pets Dog Treats | **100mg** | **5mg** | **-95%** |

| **CBD Product** | **CBD Claim** | **Actual CBD Content** | **% Difference** |
|---|---|---|---|
| JustCBD Peach Rings Gummies | **500mg** | **13mg** | **-97.4%** |
| JustCBD Gummy Worms | **1000mg** | **16mg** | **-98.4%** |
| JustCBD Freeze Roll-On Pain Relief | **350mg** | **280mg** | **-20%** |
| JustCBD Hemp Seed Oil | **2000mg** | **1810mg** | **-10%** |
| JustCBD MCT Coconut Oil | **2000mg** | **1800mg** | **-10%** |
| JustCBD Gummy Ribbons | **750mg** | **656.25mg** | **-12.5%** |

21. By permanently marking the CBD Products with their purported CBD content, Defendants knew that the CBD Claims are false and misleading, yet still advertised, labeled, and packaged the CBD Products with the false and misleading CBD Claims.

22. Simply put, Defendants' CBD Claims are a farce. Defendants knowingly prepared the material on their website and product labels to misrepresent the true quantity of CBD in the CBD Products.

23. Plaintiff and Class Members would not have purchased the Products or would have paid less for the Products if they were aware of the misleading labeling of the Products by Defendants.

24. Defendants intended for Plaintiff and the Class members to be deceived or misled.

25. Defendants' deceptive and misleading practices proximately caused harm to the Plaintiff and the Class.

26. Plaintiff and Class members would not have purchased the Products, or would have not paid as much for the Products, had they known the truth about the mislabeled and falsely advertised Products.

## CLASS ACTION ALLEGATIONS

27. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all persons in California who purchased CBD Products with a CBD Claim from Defendants (the "Class" or the "California Class"). Excluded from the Class are Defendants Just Brands USA, Inc., Just Brands, Inc., and SSGI Financial Services, Inc., Defendants' subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which it has a controlling interest, and the Judge to whom this case is assigned and any member of his or her immediate family.

28. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

29. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a) whether the CBD Claims on Defendants' CBD Products are false and misleading;

(b) the actual amount of CBD in the CBD Products;

(c) whether Defendants engaged in false and/or deceptive advertising;

(d) whether Class members have sustained monetary loss and the proper remedy for and measure of that loss;

(e) whether Plaintiff and Class members are entitled to declaratory and injunctive relief;

(f) the number of CBD Products sold to consumers; and

(g) whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and Class members are entitled to injunctive and/or monetary relief and, if so, the amount and nature of such relief.

30. Plaintiff's claims are typical of the claims of Class members because Plaintiff purchased a CBD Product in reliance on the representations and warranties described above, and suffered a loss as a result of those purchases.

31. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

32. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

33. In addition, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole. In addition, Plaintiff has an

intention to purchase the CBD Products in the future if the CBD Products are truthfully labeled and not misleadingly underfilled.

**COUNT I**
**(Breach Of Express Warranty, Cal. Com. Code §§ 2313, *et seq*.)**

34. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35. Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

36. In connection with the sale of the CBD Products, Defendants issued written warranties. Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers of the CBD Products, expressly warranted that the Products were fit for their intended purpose by making promises and affirmations of fact on their Products' labeling and packaging, including the CBD Claims.

37. The affirmations of fact and promises made by Defendants to Plaintiff and the Class regarding the CBD Products became part of the basis of the bargain between Defendants and Plaintiff and the Class, thereby creating an express warranty that the CBD Products would conform to those affirmations of fact, representations, promises, and descriptions in that each Product would contain the amount of CBD specified in the CBD Claims.

38. The CBD Products do not, in fact, contain the amount of CBD promised in the CBD Claims. Instead, the CBD Products contain only a fraction of the CBD advertised on Defendants' website and on the Products' labeling and packaging.

39. Plaintiff Rodriguez and members of the California Class suffered economic injury as a direct and proximate result Defendants' breach because: (a) they would not have purchased the CBD Products on the same terms if they knew that the Products had been falsely labeled as alleged herein; (b) they paid a price premium for the CBD Products based on Defendants' express warranties; and (c) the

CBD Products did not have the characteristics, uses, or benefits as promised by Defendants in the CBD Claims. As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the CBD Products or in the difference in value between the Products as warranted and the Products as sold.

40. On May 20, 2020, prior to filing this action, Defendants were served with a pre-suit notice letter that complied in all respects with U.C.C. §§ 2-313, 2-607. Plaintiff's counsel sent Defendants a letter advising them that they breached an express warranty and demanded that they cease and desist from such breaches and make full restitution by refunding the monies received therefrom. A true and correct copy of Plaintiff's counsel's letter is attached hereto as **Exhibit A.**

**COUNT II**
**(Fraud)**

41. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

42. Pursuant to California law, Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

43. As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information about the CBD Products manufactured, distributed, and sold by Defendants. For example, Defendants made promises and affirmations of fact in labeling, packaging, marketing, and/or advertising the CBD Products, including the CBD Claims.

44. As indicated above, however, these representations are false as the CBD Products are underfilled and contain up to 100% less CBD than Defendants claim.

45. The misrepresentations and omissions of material fact made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the CBD Products.

46. By virtue of labeling their products with the CBD Claims, Defendants knew or should have known the CBD Claims were false, but continued to manufacture and sell underfilled CBD Products in the retail and wholesale markets.

47. During the relevant time period, Plaintiff and Class members were unaware that the CBD Products were underfilled.

48. The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

49. As a result of Defendants' willful and malicious conduct, punitive damages are warranted.

**COUNT III**
**(Violation Of The California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*.)**

50. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51. Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

52. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

53. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

54. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

55. Defendants violated these provisions by making the misrepresentations alleged above, including the CBD Claims.

56. Plaintiff Rodriguez and the California Class suffered economic injury as a direct and proximate result Defendants' violation because: (a) they would not have purchased the CBD Products on the same terms if they knew that the Products had been falsely labeled as alleged herein; (b) they paid a price premium compared to products without the misrepresentations alleged herein; and (c) the CBD Products did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

57. On or about May 20, 2020, prior to filing this action, a CLRA notice letter was served on Defendants that complies in all respects with California Civil Code § 1782(a). Plaintiff Rodriguez sent Defendants a letter via certified mail, return receipt requested, advising Defendants that it is in violation of the CLRA and demanding that Defendants cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of Plaintiff Rodriguez's letter is attached hereto as **Exhibit A.**

58. On behalf of himself and other members of the California Subclass, Plaintiff Rodriguez seeks to enjoin the unlawful acts and practices described herein and to recover actual damages, restitution, and reasonable attorneys' fees.

**COUNT IV**
**(Violation Of The California Unfair Competition Law,**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

59. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60. Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

61. Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

62. Defendants' misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described herein; and Cal. Com. Code § 2607.

63. Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

64. Defendants violated the "fraudulent" prong of the UCL by making misrepresentations about the CBD Products, as described herein.

65. Defendants' wrongful business practices and violations of the UCL are ongoing.

66. Pursuant to California's Business and Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court enjoining Defendants from engaging in the unfair competition alleged herein in connection with the sale of the CBD Products.

67. On behalf of himself and other members of the California Class, Plaintiff requests all applicable remedies and awards allowable under the UCL, and seeks to enjoin the unlawful acts and practices described herein and to recover reasonable attorneys' fees.

**COUNT V**
**(Violation Of The California False Advertising Law, Cal. Bus. & Prof. Code §§17500, *et seq.*)**

68. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

69. Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

70. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

71. Defendants committed acts of false advertising, as defined by §17500, by making the misrepresentations alleged above, including the CBD Claims.

72. By virtue of labeling its products with the CBD Claims, Defendants knew or should have known the CBD Claims were false, but continued to manufacture and sell underfilled CBD Products in the retail and wholesale markets.

73. Defendants' actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

74. As a result of Defendants' deceptive acts and practices, Plaintiff requests that this Court enjoin Defendants from continuing to violate California's False Advertising Law. Otherwise, Plaintiff and Class Members will continue to be harmed by Defendants' false and/or misleading advertising.

75. Pursuant to California Business and Professions Code section 17535, Plaintiff seeks an Order of this Court requiring Defendants to fully disclose the true nature of their misrepresentations. Plaintiff and Class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

76. Defendants' conduct is ongoing. Plaintiff and Class Members are thus entitled to the relief sought.

77. On behalf of himself and other members of the California Class, Plaintiff Rodriguez seeks to enjoin the unlawful acts and practices described herein and to recover actual damages, restitution, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the California Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b. For an order declaring the Defendants' conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For statutory, compensatory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as pleaded or as the Court may deem proper;

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

i. Damages, restitution, and/or disgorgement in an amount to be determined at trial; and

j. For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: June 8, 2021

**BURSOR & FISHER, P.A.**

By: */s/ Neal J. Deckant*
Neal J. Deckant

Frederick J. Klorczyk III (State Bar No. 320783)
Neal J. Deckant (State Bar No. 322946)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: fklorczyk@bursor.com
ndeckant@bursor.com
bscott@bursor.com

**SHUB LAW FIRM LLC**
Jonathan Shub (State Bar No. 237708)
Kevin Laukaitis*
134 Kings Hwy E, 2nd Floor
Haddonfield, NJ 08033
Telephone: 856-772-7200
Email: jshub@shublawyers.com
klaukaitis@shublawyers.com

**BARBAT MANSOUR SUCIU & TOMINA PLLC**
Nick Suciu III*
6905 Telegraph Rd. Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
E-Mail: nicksuciu@bmslawyer.com

**GREG COLEMAN LAW PC**
Rachel Soffin*
Justin G. Day*
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
E-Mail: rachel@gregcolemanlaw.com

justin@gregcolemanlaw.com

**Pro Hac Vice*

*Attorneys for Plaintiff and the Proposed Class*

# EXHIBIT A

BURSOR & FISHER P.A.

1990 N. CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

FREDERICK J. KLORCZYK III
Tel: 925.300.4455
Fax: 925.407.2700
fklorczyk@bursor.com

May 20, 2020

***Via Certified Mail – Return Receipt Requested***

Just Brands USA, Inc.
7351 Wiles Road, Suite #105
Coral Springs, FL 33067

SSGI Financial Services, Inc.
763 NW 83rd Drive
Coral Springs, FL 33071

Just Brands, Inc.
2346 Thomas St.,
Hollywood, FL 33020

Just Brands FL, LLC
7351 Wiles Rd., Suite 105
Coral Springs, FL 33071

Just CBD, LLC
2346 Thomas St.,
Hollywood, FL 33020

*Re: Notice And Demand Letter Pursuant To U.C.C. §§ 2-313, 2-314, 2-607;
The California Consumers Legal Remedies Act; And
The Florida Deceptive And Unfair Trade Practices Act*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Just Brands USA, Inc. ("Just Brands USA"), Just Brands, Inc., Just Brands FL, LLC ("Just Brands FL"), Just CBD, LLC ("Just CBD") and SSGI Financial Services, Inc. ("SSGI") (collectively "Just Brands") pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties related to our client, Miguel Rodriguez, and a class of all similarly situated purchasers (the "Class") of JustCBD branded products (collectively, the "CBD Products") claiming that the products purportedly contain "25mg CBD," "50mg CBD," "65mg CBD," "100mg CBD," "200mg CBD," "250mg CBD," "360mg CBD," "500mg CBD," "550mg CBD," "750mg CBD," "1000mg CBD," "1500mg CBD," or "3000mg CBD" (collectively, the "CBD Claims") and are legal for purchase. This letter also serves as a notice of violation of the California's Consumers

Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.; the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq*.; and all other applicable federal and state laws.

Our client purchased "JustCBD Gummies 1000mg," "JustPet Dog Treats," and "JustCBD Signature CBD Cartridges" in the Pineapple Express and Northern Lights flavors. Prior to purchasing his JustCBD branded products, Mr. Rodriguez reviewed information about the products, including the quantity of CBD purportedly contained in each. Mr. Rodriguez also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and warranties by Just Brands that the Products contained the quantities of CBD advertised and that the products were legal for purchase. Mr. Rodriguez relied on these representations and warranties in deciding to purchase his CBD Products over comparable products. But these representations were false, and Mr. Rodriguez did not receive the quantity of CBD he purchased and the products were not legal. Independent lab testing reveals that the true quantity of CBD in the CBD Products is only a small fraction of these representations. Accordingly, Just Brands breached express and implied warranties made to our client and the Class and violated the consumer protection statutes reference above. *See* U.C.C. §§ 2-313, 2-314.

On behalf of our client and the Class, we hereby demand that Just Brands immediately (1) issue a mandatory recall of the CBD Products, and (2) make full restitution to all purchasers of the CBD Products of all purchase money obtained from sales thereof.

We also demand that Just Brands preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the design, packaging, labeling, and manufacturing process for the CBD Products;

2. All tests of the CBD Products, whether performed by Just Brands and SSGI or any third-party entities;

3. All documents concerning the pricing, advertising, marketing, and/or sale of the CBD Products;

4. All communications with customers involving complaints or comments concerning the CBD Products;

5. All documents concerning communications with any retailer involved in the marketing or sale of the CBD Products;

6. All documents concerning communications with federal or state regulators concerning the CBD Products; and

7. All documents concerning the total revenue derived from sales of the CBD Products.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter. If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Sincerely,

Frederick J. Klorczyk III